636 P.2d 892

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Rudy J. WAGGONER and Sterling Jackson, Defendants-Appellants.**

**No. 5120.**

Court of Appeals of New Mexico.

Nov. 3, 1981.

John B. Bigelow, Chief Public Defender, Ellen Bayard, Asst. Appellate Defender, Santa Fe, for defendants-appellants.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

We discuss the "standing" required to challenge the propriety of a search and seizure.

Defendants were convicted of robbery. Their appeal involves their motions to suppress evidence.

Shortly after midnight, Rice was awakened by two men requesting a ride to the bus station. The two men, defendants, were not known to Rice; nevertheless, he was transporting the defendants to the bus station when his car was stopped by an officer. The officer stopped the car because of a broken taillight and possibly driving while under the influence of intoxicating liquor. The police had received a description of the robbers; defendants matched that description. The officer called for assistance. After the robbery victim identified them, defendants were arrested for robbery. The trial court's finding of probable cause for arrest is not challenged and is not involved in the appeal.

At the scene, Jackson was "patted down" for weapons. The officer performing the pat-down observed money in Jackson's pocket but did not seize it at that time. After being arrested, the money was seized. The trial court ruled that this seizure was incident to Jackson's arrest. This finding was challenged in the docketing statement; however, defendants have not briefed, and thus have abandoned, this issue. *State v. Gallegos*, 92 N.M. 336, 587 P.2d 1347 (Ct.App.1978).

After defendants were arrested, the automobile in which they had been passengers was searched; additional money was found in the back seat near where one of the defendants had been sitting. There is testimony that the money was stuffed behind the seat cushion. Defendants' motion to suppress, and the issue on appeal, involves this money.

The trial court found there was neither a search nor arrest warrant; that the search which resulted in the recovery of the back-seat money was not an incident to the arrests; that Rice, the owner of the car, did not consent to the car search; and that defendants did not consent to the car search. The trial court also found that defendants "were legitimately in the vehicle stopped and searched by the officer."

The trial court denied defendants' motion to suppress. The trial court did not "get to probable cause [to search], the automobile exception, or plain view doctrine, because I find there is no standing."

Some of our decisions have considered "standing" in terms of whether a privacy interest has been invaded. Thus, in *State v. Ellis*, 88 N.M. 90, 537 P.2d 698 (Ct.App. 1975), we said:

> The constitutional prohibition against an unreasonable search is a personal right enforceable by one whose own protection was infringed by the search. "To have standing one must be the victim of the search in the sense that one's right of privacy was invaded." *State v. Torres*, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970).

See *State v. Barry*, 94 N.M. 788, 617 P.2d 873 (Ct.App.1980); *State v. Chort*, 91 N.M. 584, 577 P.2d 892 (Ct.App.1978). In *State v. Aragon*, 89 N.M. 91, 547 P.2d 574 (Ct.App. 1976), we stated that defendant "had no reasonable expectation of privacy" as to the location, among weeds in an open field, where the heroin was found.

Decisions of the United States Supreme Court, identified hereinafter, affirm the propriety of determining whether there was an invasion of the privacy interests of the person challenging a search or seizure.

Some of our decisions have considered "standing" pursuant to the opinion of the United States Supreme Court in *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). See *State v. Nemrod*, 85 N.M. 118, 509 P.2d 885 (Ct.App.1973), overruled on other grounds in *State v. Vigil*, 86 N.M. 388, 524 P.2d 1004 (Ct.App.1974), cert. denied, 420 U.S. 955, 95 S.Ct. 1339, 43 L.Ed.2d 432 (1975); *State v. Austin*, 91 N.M. 793, 581 P.2d 1288 (Ct.App.1978); *State v. Clark*, 89 N.M. 695, 556 P.2d 851 (Ct.App.1976).

Concerning *Jones*, supra, *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), states:

> In *Jones*, the Court set forth two alternative holdings: It established a rule of "automatic" standing to contest an allegedly illegal search where the same possession needed to establish standing is an essential element of the offense charged; and second, it stated that "anyone legitimately on premises where a search occurs may challenge its legality by way of a motion to suppress."

*Rakas* held that the " 'legitimately on premises' " holding of *Jones*, supra, was too broad a gauge for measuring the constitutional right against unreasonable searches and seizures. *Rakas* states:

> But the phrase "legitimately on premises" has not been shown to be an easily applicable measure of Fourth Amendment rights so much as it has proved to be simply a label placed by the courts on results which have not been subjected to careful analysis. We would not wish to be understood as saying that legitimate presence on the premises is irrelevant to one's expectation of privacy, but it cannot be deemed controlling.

*United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), held that the *Jones*, supra, holding of automatic standing for possessory offenses was also too broad a gauge. *Salvucci* says:

> We simply decline to use possession of a seized good as a substitute for a factual finding that the owner of the good had a legitimate expectation of privacy in the area searched.

*Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), also addressed possessory standing:

Petitioner contends nevertheless that, because he claimed ownership of the drugs in Cox's purse, he should be entitled to challenge the search regardless of his expectation of privacy. We disagree. While petitioner's ownership of the drugs is undoubtedly one fact to be considered in this case, *Rakas* emphatically rejected the notion that "arcane" concepts of property law ought to control the ability to claim the protections of the Fourth Amendment. See 439 U.S., at 149–150, n. 17 [99 S.Ct., at 434, n. 17]. See also *United States v. Salvucci*, [448 U.S.] *ante*, at 91–92 [100 S.Ct., at 2552–2553]. Had petitioner placed his drugs in plain view, he would still have owned them, but he could not claim any legitimate expectation of privacy. Prior to *Rakas*, petitioner might have been given "standing" in such a case to challenge a "search" that netted those drugs but probably would have lost his claim on the merits. After *Rakas*, the two inquiries merge into one: whether governmental officials violated any legitimate expectation of privacy held by petitioner.

Under *Rakas, Salvucci* and *Rawlings*, supra, the basis for challenging a search or seizure is no longer a possessory interest or the legitimacy of one's presence on the premises. *Rakas*, supra, reaffirms that a person's right against unreasonable searches or seizures is a personal right, not to be vicariously asserted, and that this right may be enforced by exclusion of evidence only at the instance of one whose own protection was infringed by the search and seizure. This right against unreasonable searches or seizures is "violated only when the challenged conduct invaded *his* [defendant's] legitimate expectation of privacy . . . ." (Emphasis in original.) *United States v. Payner*, 447 U.S. 727, 100 S.Ct. 2439, 65 L.Ed.2d 468 (1980).

■ The trial court found that defendants did not legitimately have an expectation of privacy in the automobile. This finding was proper; defendants' only association with Rice's automobile was that they were being taken to the bus station. "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas*, supra.

Because defendants had no legitimate expectation of privacy in the automobile, the trial court concluded that defendants lacked standing to contest the validity of the search of the automobile. *Rakas*, supra, points out that "standing" is not a separate matter of inquiry; that "standing" involves the question of privacy interests. *Rakas*, supra, states:

[T]he question necessarily arises whether it serves any useful analytical purpose to consider this principle a matter of standing, distinct from the merits of a defendant's Fourth Amendment claim. . . . Rigorous application of the principle that the rights secured by this Amendment are personal, in place of a notion of "standing," will produce no additional situations in which evidence must be excluded. . . . But we think the better analysis forthrightly focuses on the extent of a particular defendant's rights under the Fourth Amendment, rather than on any theoretically separate, but invariably intertwined concept of standing.

The trial court correctly refused to suppress the money seized from the back seat of the car.

The judgments and sentences are affirmed.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.