738 P.2d 126
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Craig Harris HENSEL and Ross Joseph
Hensel, Defendants-Appellants.**

Nos. 9088, 9189.

Court of Appeals of New Mexico.

April 14, 1987.

Certiorari Denied May 20, 1987.

Hal Stratton, Atty. Gen., Barbara F. Green, Charles H. Rennick, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

Dean E. Border, Mitchell & Border, P.A., Tucumcari, for defendants-appellants.

## OPINION

GARCIA, Judge.

We granted defendants' motion for rehearing to reconsider the issue of whether more than mere ownership is required for a third party to validly consent to a warrantless search. As a result of the rehearing, we withdraw our opinion filed January 8, 1987 and substitute the following.

Defendants, Craig Hensel (Craig) and Ross Hensel (Ross), appeal the trial court's order denying their motions to suppress physical evidence obtained as a result of an allegedly illegal search and seizure. Both pled guilty to manufacturing a controlled substance following the trial court's denial, but expressly reserved the right to appeal the orders. On the state's motion, we consolidated the cases for appeal. Because the confrontation issue is dispositive of Craig's appeal, we do not address the remaining issues argued by him. We reverse his conviction for the reasons that follow. The disposition of Ross' appeal, however, differs from Craig's. Because we find that Ross does not have standing to challenge

the illegal search and seizure, we affirm his conviction.

**FACTS**

Craig and Ross Hensel are brothers. Along with two other co-defendants, they were arrested following the warrantless search of a house located on the Scully Ranch (Ranch). The police officers conducted the search pursuant to defendants' mother's (Mrs. Hensel) consent. Mrs. Hensel is the personal representative of the estate of which the Ranch is an asset. It is undisputed that Mrs. Hensel has never lived in the house or otherwise used the premises for any purpose.

Officer Rogers testified that Mrs. Hensel came to the state police headquarters in Roswell claiming that Craig had stolen her car and requested assistance in recovering it. Mrs. Hensel indicated that the car could probably be found on the Ranch property where she believed Craig was staying. Mrs. Hensel also told Officer Rogers that Craig would probably be in possession of illegal drugs. She signed an affidavit and a consent to search form, granting the police permission to enter the property to search for the car and drugs. The Ranch is located in the Fort Sumner area, some eighty-seven miles from Roswell. Officer Rogers testified Mrs. Hensel told him the Ranch was abandoned; that Craig did not have permission to be on the property; and that Craig had probably stolen the key to the house from her. Mrs. Hensel did not testify at the hearing.

Craig testified that his mother had given him the Ranch as his share of the estate. He also testified that he resides at the house on a sporadic basis, has items of personal property in the house and has performed repairs and maintenance on the house and surrounding out-buildings. He admitted that he receives no mail at the Ranch and the estate pays all utility bills.

Ross did not testify at the hearing and there is no indication in Craig's testimony that Ross had his mother's or Craig's permission, explicit or implicit, to reside at or otherwise occupy the house. There was no evidence of any kind indicating that Ross was in fact residing at or otherwise occupying the house.

Defendants challenge the admission of Officer Rogers' testimony concerning Mrs. Hensel's statements on the grounds of inadmissible hearsay. They argue that Mrs. Hensel's out-of-court statements concerning her authority to consent were neither reliable nor credible and that she had a motive to lie to Officer Rogers, i.e., she wanted the police to get her car from Craig and to secure the removal of Craig from the house. The trial court admitted Officer Rogers' testimony on the assumption that it was offered to show Officer Rogers' state of mind and not to prove the truth of the matters asserted.

At the conclusion of the hearing, the trial court stated that "[t]he resolution of this matter depends upon a determination as to whether or not we have a valid consent to search the [Ranch] home." The trial court subsequently found that Mrs. Hensel had the authority to validly consent to the warrantless search and that neither Craig nor any of the other defendants arrested at the Ranch had "exclusive use of the property." The trial court based its findings of valid authority to consent in Mrs. Hensel on the fact that, as personal representative of the estate, she stood in the position of an owner.

**DISCUSSION: ROSS' APPEAL**

 A defendant may claim the benefits of the exclusionary rule only if he demonstrates a violation of his fourth amendment rights. *See State v. Donaldson*, 100 N.M. 111, 666 P.2d 1258 (Ct.App. 1983). Here, Ross failed to show at the suppression hearing that he had a legitimate expectation of privacy in the premises searched. *See State v. Waggoner*, 97 N.M. 73, 636 P.2d 892 (Ct.App.1981). A person who is aggrieved by an illegal search and seizure only through the introduction of evidence secured by a search of a third person's premises or property has not suffered an infringement of his fourth amendment rights. *Id.* Mere presence is insufficient to give rise to a legitimate expectation of privacy in the premises. *Id.* (citing *Rakas v. Illinois*, 439 U.S. 128, 99

S.Ct. 421, 58 L.Ed.2d 387 (1978)). Since Ross did not enjoy a legitimate expectation of privacy in the premises searched, we affirm the court's denial of his motion to suppress. *State v. Beachum,* 83 N.M. 526, 494 P.2d 188 (Ct.App.1972) (trial court will be affirmed on appeal if right for any reason).

## CRAIG'S APPEAL

■ As opposed to the situation in Ross' case, the resolution of Craig's motion to suppress depends upon a determination of whether Mrs. Hensel, as a third party, could consent to the warrantless search of the house. *See United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); *State v. Madrid,* 91 N.M. 375, 574 P.2d 594 (Ct.App.1978). The trial court found that the state made a sufficient showing that Mrs. Hensel had authority to consent to the search. We disagree.

The mere fact that Mrs. Hensel stands in the position of an owner of the Ranch is, in itself, not sufficient to support a finding that she had the authority to consent to the warrantless search of the premises. The authority which justifies third party consent does not rest upon the law of property, but rests rather on the mutual use of the property by persons generally having joint access or control. *United States v. Matlock,* 415 U.S. at 171, n. 7, 94 S.Ct. at 993, n. 7 (1974) (citing *Chapman v. United States,* 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961)); *Stoner v. California,* 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964); *State v. Madrid.* The only other evidence presented to support a finding that Mrs. Hensel had the authority to consent was the testimony of Officer Rogers, which was based exclusively on the out-of-court statements of Mrs. Hensel.

■ Defense counsel objected to Officer Rogers' testimony concerning statements made to him by Mrs. Hensel. The trial court initially overruled the objection and allowed Officer Rogers to testify. As the officer continued to relate statements made to him, defense counsel again objected on the grounds of hearsay and that defendant was being deprived of the right of confrontation.

We agree with the state's argument that the Rules of Evidence are inapplicable to suppression hearings, *see* SCRA 1986, Rule 11–1101(D)(1), since hearings on motions to suppress require the " 'determination of questions of fact preliminary to admissibility of evidence.' " J. Weinstein, *Federal Rules of Evidence—A Judge's View,* 174 N.Y.L.J. 1, 4 (1975), reprinted in H. Gilmore, *Evidence,* at 1–14 (1973). This view, however, does not answer defendant's contention that the statements are still inadmissible. In addition to the hearsay objection, defendant raised a sixth amendment confrontation claim. The fact that the statements were not barred by the Rules of Evidence does not make them *per se* admissible.

A factual issue is raised as to whether Craig was lawfully utilizing or occupying the premises. Where important facts are to be determined by the factfinder and the burden of proof is on the state, it would be fundamentally unfair to allow the state to prove such facts on purely hearsay evidence, denying the accused the opportunity to cross-examine the declarant. *Cf. State v. Asbury,* 145 Ariz. 381, 701 P.2d 1189 (App.1984); *McLean v. State,* 482 A.2d 101 (Del.1984); *State v. Wilson,* 183 N.J.Super. 86, 443 A.2d 252 (1981); *State v. Self,* 88 N.M. 37, 536 P.2d 1093 (Ct.App.1975).

By this opinion, we do not intimate that an accused is guaranteed the right to confront all out-of-court declarants in any suppression hearing. The denial of the right of confrontation may be harmless in certain circumstances. *State v. Martinez,* 99 N.M. 48, 653 P.2d 879 (Ct.App.1982). *See also State v. Beck,* 97 N.M. 312, 639 P.2d 599 (Ct.App.1982). However, on the facts of this case, it would be fundamentally unfair to find that Craig's mother validly consented to the warrantless search, while denying Craig the opportunity to confront her in court. The mere fact that Mrs. Hensel stands in the position of an owner of the Ranch, in itself, is insufficient to support a finding that she had the authority to con-

sent to a warrantless search of the premises. *United States v. Matlock.*

We hold that Craig was denied his constitutional right to confront the key witness against him. *See Mascarenas v. State,* 80 N.M. 537, 458 P.2d 789 (1969). As previously noted, the resolution of the motion to suppress depended upon a determination of whether or not Mrs. Hensel validly consented to a search of the Ranch house. The essential part of the case against Craig is contained in allegedly out-of-court statements made by his mother, as related by Officer Rogers. At no time did Craig have an opportunity to cross-examine Mrs. Hensel concerning her authority to consent to a warrantless search. We are hard-pressed to find a more extreme case than this one in which an accused was denied the right of confrontation. *See State v. Adrian,* 51 Haw. 125, 453 P.2d 221 (1969).

**CONCLUSION**

We affirm the trial court's order denying Ross' motion to suppress and his conviction of trafficking in a controlled substance by manufacture. We reverse Craig's conviction and the order denying his motion to suppress. Craig's case is remanded to the district court with instructions to grant him a new suppression hearing and redetermine the lawfulness of Craig's occupancy of the Ranch house and Mrs. Hensel's authority to consent to the warrantless search of the Ranch property.

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.