**Larrick Decarl CURRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–06–00171–CR.

Court of Appeals of Texas, Waco.

May 16, 2007.

Lane D. Thibodeaux, Law Office of Lane D. Thibodeaux, Bryan, for appellant.

Bill R. Turner, Brazos County Dist. Atty., Bryan, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Appellant Larrick DeCarl Curry was indicted for Possession with Intent to Deliver a Controlled Substance. Prior to trial, the trial court denied Curry's Motion to Suppress, and Curry pled guilty. The trial court found the enhancement allegations in the indictment were true and sentenced Curry to 46 years in the Institutional Division of the Texas Department of Criminal Justice. Curry exercised his right to appeal the pretrial rulings and now brings three issues on appeal. We will affirm the judgment of the trial court.

## Background

On February 19, 2006, the Brazos Valley Narcotics Task Force arrested an individual who identified himself as Eugene Ali. He agreed to cooperate with the Task Force to arrange the purchase of crack cocaine at a motel. Detective Chad Hanks and other law enforcement officers stationed themselves in the motel room next to Ali's and watched video surveillance of his room. Sergeant Darby was in a room across the parking lot from Ali's room so that he could observe vehicle traffic in the parking lot.

At approximately 7:35 p.m. Curry arrived at the motel in a green Chrysler. He exited the car but left the headlights on and the engine running. The officers in the next room observed him on the video enter Ali's room and walk toward the bathroom. Ali and Curry talked for a few minutes then they exchanged what appeared to be crack cocaine and money. Once the officers saw the exchange, they entered Ali's room and arrested Curry.

Following the arrest, Ali gave Hanks 1.11 grams of crack cocaine. Hanks testified that he searched Ali before Curry arrived and he did not have any drugs in his possession. A search of Curry produced two cell phones and approximately $1,600, including the money provided to Ali by the Task Force. Officers then searched the car and found six crack cocaine rocks in the right cup holder, one rock under the driver's seat, and four crack cocaine cookies in the console. The total weight of crack cocaine in the car was approximately 65 grams.

## Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex.Crim.App.2000); *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim.App.1997). A trial court's denial of a motion to suppress is reviewed for abuse of discretion. *Oles v. State,* 993 S.W.2d 103, 106 (Tex.Crim.App.1999). The trial court's findings of fact are given "almost total deference," and in the absence of explicit findings, the appellate court assumes the trial court made whatever appropriate implicit findings that are supported by the record. *Carmouche,* 10 S.W.3d at 327–28; *Guzman,* 955 S.W.2d at 89–90. But when the trial court's rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court's rulings on mixed questions of law and fact. *Estrada v. State,* 154 S.W.3d 604, 607 (Tex.Crim.App.2005). Therefore, although due weight should be given to the inferences drawn by trial judges and law enforcement officers, determinations of matters such as reasonable suspicion and probable cause are reviewed de novo on appeal. *Guzman,* 955 S.W.2d at 87 (citing *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)).

## Warrantless Search

■ In his first issue, Curry complains of the trial court's failure to suppress evi-

dence resulting from the search of his vehicle. He filed the motion on the grounds that the officers did not have a search warrant and did not have probable cause to search the vehicle. Curry argues that because he was arrested in the motel room and not near his vehicle, the officers did not have probable cause to believe the vehicle contained evidence of a crime.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures by government officials. U.S. CONST. amend. IV. Searches and seizures conducted without a warrant are unreasonable *per se* under the Fourth Amendment, with a few specifically defined and well-established exceptions. *McGee v. State,* 105 S.W.3d 609, 615 (Tex.Crim.App.2003).

Under both state and federal law, a police officer may conduct a warrantless search of an automobile if he or she has probable cause to believe a crime has been committed and there is contraband located somewhere inside the vehicle. *Carroll v. United States,* 267 U.S. 132, 158–59, 45 S.Ct. 280, 287, 69 L.Ed. 543 (1925); *Wiede v. State,* 214 S.W.3d 17, 24 (Tex.Crim.App.2007). The justifications for this automobile exception are that vehicles are inherently mobile and the expectation of privacy with respect to an automobile is relatively low. *Id.* Furthermore, the justification to conduct a warrantless search does not vanish once the vehicle is immobilized. *See Michigan v. Thomas,* 458 U.S. 259, 261, 102 S.Ct. 3079, 3081, 73 L.Ed.2d 750 (1982); *State v. Guzman,* 959 S.W.2d 631, 634 n. 3 (Tex.Crim.App.1998). Accordingly, a vehicle may be searched on the basis of probable cause to believe that it contains contraband although exigent circumstances do not exist to justify such a warrantless search. *Id.; Dixon v. State,* 206 S.W.3d 613, 619 n. 25 (Tex.Crim.App. 2006) ("A finding of probable cause 'alone

satisfies the automobile exception to the Fourth Amendment warrant requirement.' ").

In determining probable cause, courts must consider the totality of the circumstances. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Probable cause exists when the facts and circumstances within the officer's knowledge and about which he has reasonable trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that a crime has been committed. *Torres v. State,* 182 S.W.3d 899, 901 (Tex.Crim.App. 2005). The sum of the information known to the cooperating officers at the time of a search is to be considered in determining whether there was sufficient probable cause. *Woodward v. State,* 668 S.W.2d 337, 344 (Tex.Crim.App.1982).

The basic facts are not in dispute. The officers knew that Curry had arrived at the motel in the green Chrysler and witnessed him, via video surveillance, sell crack cocaine to Ali. Hanks testified that he recognized Curry from previous drug investigations. He also testified that, based on his experience in investigating drug dealers, he knew they generally do not carry their entire "stash" with them but keep it nearby. Considering the totality of the circumstances, the trial court was justified in finding and we determine *de novo* that the officers had probable cause to believe that the car and its contents were associated with criminal activity. *See Amos v. State,* 819 S.W.2d 156, 161 (Tex.Crim.App.1991), *cert. denied,* 504 U.S. 917, 112 S.Ct. 1959, 118 L.Ed.2d 561 (1992).

Finding probable cause, we hold that the trial court did not err in failing to suppress the evidence obtained from the search of

Curry's vehicle. We overrule his first issue.

### Findings of Fact and Conclusions of Law

Curry next contends that reversal is mandated because the trial court failed to make findings of facts and conclusions of law. He relies on *State v. Cullen* for the proposition that, upon request of the losing party on a motion to suppress, the trial court shall state its essential findings. *State v. Cullen*, 195 S.W.3d 696 (Tex.Crim. App.2006).

■ The Court of Criminal Appeals expressly stated that this requirement became effective from the date of the *Cullen* opinion (*i.e.*, June 28, 2006). *Id.* at 699. Curry's request for findings was made at the motion to suppress hearing held on May 16, 2006, before the *Cullen* requirement became effective. We find the prior law applicable to this case. *Id.; State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). Accordingly, when, as here, the trial court fails to file findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *Ross*, 32 S.W.3d at 859. Neither remand nor reversal is mandated by *Ross*. *Id.* We overrule Curry's second issue.

### Confrontation Clause

Curry's third issue argues that the trial court erred in admitting testimonial statements contained in the video surveillance tape in violation of his Sixth Amendment right to confrontation. The State argues that the right to confrontation does not apply to pretrial suppression hearings or, in the alternative, that the statements on the video tape were not testimonial within the meaning of *Crawford v. Washington*,

541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

### *Application of the Confrontation Clause to Suppression Hearings*

■ The Sixth Amendment's Confrontation Clause provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...." U.S. CONST. amend. VI. The Confrontation Clause provides criminal defendants with two protections: the right to physically face those who testify against them and the right to conduct cross-examination. *Pennsylvania v. Ritchie*, 480 U.S. 39, 51, 107 S.Ct. 989, 998, 94 L.Ed.2d 40 (1987). The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact. *Maryland v. Craig*, 497 U.S. 836, 845, 110 S.Ct. 3157, 3163, 111 L.Ed.2d 666 (1990).

In *Crawford v. Washington*, the Supreme Court of the United States essentially resuscitated the Confrontation Clause, and held that the admission of hearsay violates a defendant's Sixth Amendment right of confrontation unless the declarant is unavailable and the defendant has had a prior opportunity for cross-examination. *Crawford*, 541 U.S. at 68, 124 S.Ct. at 1374. Since *Crawford*, appellate courts have increasingly been called upon to determine how and when to apply the Confrontation Clause. *See In re M.P.*, 220 S.W.3d 99 (Tex.App.-Waco 2007, no pet. h.). But, "[t]he text of the Sixth Amendment does not suggest any open-ended exceptions from the confrontation requirement to be developed by the courts." *Crawford*, 541 U.S. at 54, 124 S.Ct. at 1365. The right of confrontation has not been limited solely to that portion of a criminal proceeding that determines

guilt or innocence. It has been applied to other portions of a criminal proceeding that can be classified as the trial. *Granville v. Graziano*, 139 Ohio Misc.2d 29, 858 N.E.2d 879, 883 (Ohio Mun.2006).

In *Vanmeter v. State*, the Dallas Court of Appeals held that the right of confrontation does not apply at a pretrial suppression hearing. *Vanmeter v. State*, 165 S.W.3d 68 (Tex.App.-Dallas 2005, pet. ref'd). The *Vanmeter* court noted that traditionally the right of confrontation has been considered a trial right, not a pretrial right. *Id.* at 72. Although there is authority for that proposition, we note that a suppression hearing is a critical phase of a criminal proceeding. The aims and interests involved in a suppression hearing are just as pressing as those in the actual trial. *See United States v. Stewart*, 93 F.3d 189, 193 n. 1 (5th Cir.1996). In drug possession cases like the one before us, the outcome of the suppression hearing often determines the outcome of the trial itself. To deny a defendant the protections afforded by the Confrontation Clause at this critical stage of the proceeding essentially denies him his only opportunity to ensure that the evidence presented against him is reliable.

The *Vanmeter* court was also persuaded that state law favors denying a defendant this right at pretrial hearings. Texas Code of Criminal Procedure article 28.01(6) provides that the trial court is given the discretion to decide a motion to suppress on affidavits alone, without a hearing.[1] TEX.CODE CRIM. PROC. ANN. art. 28.01(6) (Vernon 1989). However, when, as here, a trial court decides the motion upon oral testimony, a defendant should be given the opportunity to confront all witnesses against him.

Finally, the *Vanmeter* court adopted the State's argument that a defendant's remedy in this situation is to proceed to trial where he would have the constitutional right to confront the witnesses against him, and, if denied that right at trial, to preserve the error and raise the issue on appeal. It is true that a defendant who pleads guilty waives certain constitutional rights. *See Vanmeter*, 165 S.W.3d at 73 (citing *United States v. Ruiz*, 536 U.S. 622, 628–34, 122 S.Ct. 2450, 2454–57, 153 L.Ed.2d 586 (2002)). As a matter of judicial economy, Texas law allows a defendant to appeal the denial of a motion to suppress after a guilty plea.[2] *See* TEX.R.APP.

---

1. As Judge Cochran noted in *Manzi*, deciding suppression motions on affidavits alone "does not inspire confidence." *Manzi v. State*, 88 S.W.3d 240, 255 (Tex.Crim.App.2002) (Cochran, J., concurring). We do not address that situation.

2. Regarding the concurring opinion's unseemly "Enron Economics" barb, some history is in order. In 1972, the Court of Criminal Appeals held that "[w]here a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivation of federal due process are waived." *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972), *abrogated by Young v. State*, 8 S.W.3d 656 (Tex.Crim.App.2000). In practice, the *Helms* Rule "discouraged guilty pleas, and caused a defendant, who wanted to preserve his appellate issues, to

force the State to a full trial on the merits." *Lyon v. State*, 872 S.W.2d 732, 734 (Tex.Crim. App.1994), *abrogated on other grounds by Young v. State*, 8 S.W.3d 656 (Tex.Crim.App. 2000). "Apparently, this cost the State a lot of money." *Id.*

More recently, the Court of Criminal Appeals noted:

In response to *Helms*, the legislature amended Article 44.02 in 1977:

provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, *he must have permission of the trial court, ex-*

P. 25.2(a)(2). If confrontation rights are not guaranteed at a pretrial suppression hearing and may be exercised only at a full trial on the merits, the purpose of this rule may be undone. The procedure encouraged by *Vanmeter* would dissuade defendants from pleading guilty, thereby forcing the State to a full trial on the merits to preserve the defendant's confrontation rights, and proceeding to an appeal on the suppression issue and likely on the merits, all resulting in the waste of prosecutorial and judicial resources. *See Young v. State*, 8 S.W.3d 656, 665 (Tex.Crim.App. 2000); *Lyon v. State*, 872 S.W.2d 732, 734–35 (Tex.Crim.App.1994), *abrogated on other grounds by Young v. State*, 8 S.W.3d 656 (Tex.Crim.App.2000).

There is support from other jurisdictions for the application of confrontation right in suppression hearings. *See United States v. Clark*, 475 F.2d 240, 246 (2d Cir.1973); *United States v. Lopez*, 328 F.Supp. 1077, 1088 (E.D.N.Y.1971); *Granville*, 858 N.E.2d at 883; *State v. Hensel*, 106 N.M. 8, 10–11, 738 P.2d 126, 128–29 (N.M.App. 1987); *State v. Sigerson*, 282 So.2d 649, 651 (Fla.App.1973); *see also* 6 WAYNE R.

LaFAVE, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 11.2(d) (4th ed.2007).

■ Ultimately, we disagree with *Vanmeter* and hold that the protections of the Confrontation Clause extend to a pretrial suppression hearing. We now turn to whether Curry's right to confrontation was violated.

### Testimonial Statements

■ Whether a court's admission of evidence violates the Confrontation Clause is reviewed *de novo*. *See Lilly v. Virginia*, 527 U.S. 116, 137, 119 S.Ct. 1887, 1900, 144 L.Ed.2d 117 (1999); *McClenton v. State*, 167 S.W.3d 86, 93 (Tex.App.-Waco 2005, no pet.). "Testimonial statements" made by "witnesses absent from trial" are admissible "only when the declarant is unavailable and only where the defendant has had a prior opportunity to cross examine." *Kearney v. State*, 181 S.W.3d 438, 442 (Tex.App.-Waco 2005, pet. ref'd); *see Crawford*, 541 U.S. at 59, 124 S.Ct. at 1368–69.

---

*cept on those matters which have been raised by written motion filed prior to trial.*
TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979), repealed 1998 (emphasis added).
... Thus, the 1977 amendment legislatively countered the practical result of *Helms* by discouraging the trial of cases solely to preserve an issue for appeal and, by recognizing that even plea-bargaining defendants could appeal rulings on written pretrial motions, also encouraged guilty pleas.
*Griffin v. State*, 145 S.W.3d 645, 646–47 (Tex. Crim.App.2004); *see also Lyon*, 872 S.W.2d at 735 ("This proviso was a limited abrogation of the *Helms* rule; it allowed some appellate issues to be addressed on their merits in negotiated plea situations where the *Helms* rule otherwise applied in order 'to conserve judicial resources by encouraging guilty pleas,' and to prevent 'windy' appeals.") (citations and footnote omitted). " '[A] defendant who has lost one or more pre-trial motions will

often go through an entire trial simply to preserve the pre-trial issues for later appellate review. This results in a waste of prosecutorial and judicial resources, and causes delay in the trial of other cases.' " *Young v. State*, 8 S.W.3d 656, 665 (Tex.Crim.App.2000).
With legislative authorization, the Court of Criminal Appeals repealed Article 44.02's proviso and replaced it with former Rule of Appellate Procedure 40(b)(1) (repealed), which is now part of Rule 25.2(a)(2). *Griffin*, 145 S.W.3d at 647; *Lyon*, 872 S.W.2d at 735. Under that rule's application, a defendant whose written pretrial motion to suppress is denied can plead guilty and appeal the trial court's denial. *See, e.g., Montanez v. State*, 195 S.W.3d 101, 102–05 (Tex.Crim.App. 2006), *op. on remand*, 211 S.W.3d 412 (Tex. App.-Waco 2007, no pet. h.); *Haas v. State*, 172 S.W.3d 42 (Tex.App.-Waco 2005, pet. ref'd).

Accordingly, the threshold question under *Crawford* is whether a statement is testimonial in nature. *Crawford,* 541 U.S. at 68, 124 S.Ct. at 1374; *see also Woods v. State,* 152 S.W.3d 105, 113 (Tex.Crim.App. 2004). The right of confrontation applies only to "witnesses" against the accused, defined as "those who 'bear testimony.'" *Id.* at 51, 124 S.Ct. at 1364 (quoting 2 N. Webster, An American Dictionary of the English Language (1828)). The right further applies only to "testimony," defined as a "solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Id.* The right is not avoided simply by admitting the evidence under an exception to the hearsay rules. *See id.* at 55–56, 124 S.Ct. at 1366–67.

Although the Supreme Court did not provide a comprehensive definition of the phrase "testimonial statement," it indicated that a "core class of 'testimonial' statements" exists: (1) "ex parte in-court testimony or its functional equivalent," such as affidavits, custodial examinations, prior testimony not subject to cross-examination, or "similar pretrial statements that declarants would reasonably expect to be used prosecutorially," (2) "extrajudicial statements" of the same nature "contained in formalized testimonial materials," and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id.* at 51–52, 124 S.Ct. at 1364.

In determining whether statements are testimonial, Texas courts have looked to the degree of formality of a declarant's interaction with police, the purpose and structure of police questioning and the likelihood that the declarant expects that the statements could be used in a criminal prosecution. *Walker v. State,* 180 S.W.3d 829, 833 (Tex.App.-Houston [14th Dist.] 2005, no pet.). Testimonial statements "involve a declarant's knowing responses to structured questioning in an investigative environment or a courtroom setting where the declarant would reasonably expect that his or her responses might be used in future judicial proceedings." *Id.* at 834.

The statements at issue here are those made during the brief conversation between Ali and Curry in the course of a drug transaction. This setting is not one which "would lead an objective witness reasonably to believe that the statement would be available" for later judicial proceedings. *Crawford,* 541 U.S. at 52, 124 S.Ct. at 1364. Further, Ali was speaking about events as they were happening and not as the result of "structured questioning" about past events. *See id.* at 53 n. 4, 124 S.Ct. at 1365 n. 4; *Davis v. Washington,* —— U.S. ——, ——, 126 S.Ct. 2266, 2274, 165 L.Ed.2d 224 (2006). Based on these circumstances, we hold that Ali's statements were not testimonial. Accordingly, we overrule Curry's third issue.

## Conclusion

Having overruled Curry's three issues, we affirm the judgment of the trial court.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice concurring.

The majority's holding that the confrontation clause applies to a suppression hearing is not necessary for the disposition of this appeal. Unless an author is simply trying to create the law as they want it to be, there is no reason to address that aspect of the case in this appeal. It is, therefore, dicta. The majority's holding that the statements were not testimonial in nature is the only holding that is necessary because that holding makes it entirely unnecessary to decide the issue of whether

the confrontation clause applies to a suppression hearing.[1]

Additionally, the majority's effort to make their unnecessary holding economically sound is Enron Economics.[2] The majority's argument goes as follows:

> In part as a matter of judicial economy, Texas law allows a defendant to appeal the denial of a motion to suppress after a guilty plea. *If confrontation rights are not guaranteed at a pretrial suppression hearing and may only be exercised at a trial on the merits, the purpose of this law may be undone.*

Maj. op. at 298 (emphasis added).

Whatever judicial economy has been achieved by this law has been achieved under the existing law, and not the law that the majority wants to now write. So to suggest that the new law they are trying to impose upon the system is more economical than the existing law poses two problems. First, the economics of the law regarding the appeal of a suppression hearing is the result of a legislative debate, not from within the mind of one person.[3] And second, even if maintaining the law as it was when that law was written becomes less economical for some reason, it should be a legislative act to modify the procedure as needed to accomplish the competing objectives after debate in the legislative process, not this Court's.[4]

Furthermore, in their economic analysis, the majority has failed to place upon the scale all of the costs to be considered. The study which would need to be made to support their conclusion is a comparison of:

1. The cost of the trials which result only from a defendant who does not plead guilty after a motion to suppress is denied because of the absence of a right of confrontation at the suppression hearing so that the defendant can relitigate the propriety of that decision during the trial at which the defendant can confront the witnesses relevant to the suppression issue; versus

2. The cost of bringing to every suppression hearing every witness who has personal knowledge of any evidence necessary or helpful to determine the suppression issue.

Because there are many thousands of suppression hearings across this State in any year and only a small fraction of those are challenged, I cannot conclude that the first alternative is more economical than the later as proffered by the majority. Further, that analysis and weighing is much more relevant to a legislative analysis and resolution of the issue than a judicial one.

Ultimately, the question is whether the constitutionally guaranteed right of confrontation applies in a pre-trial suppression hearing. I find the majority's analysis unpersuasive that it is a constitutionally required floor at a suppression hearing.

---

1. For a discussion of the methodology of addressing *Crawford* issues, including whether a statement is testimonial in nature, *see* Cathy Cochran, *Criminal Law Case Update;* THIRTIETH ANNUAL BAYLOR GENERAL PRACTICE INSTITUTE, April 20, 2007.

2. By this I mean it is based on nothing more than what the majority wants it to be and is not based upon the reality or a study of any kind.

3. The lengthy description in footnote 2 of the majority opinion adequately describes the legislative history of the development and current version of the rule, first through the legislature and more recently through the Court of Criminal Appeals' legislative process under its rule-making authority.

4. This legislative process would now be under the rule-making authority of the Court of Criminal Appeals. *See* FN3.

It is certainly something that could be required, but as long as the defendant has the right to confrontation at trial, at which the defendant can relitigate the suppression ruling in front of the fact finder, like many other constraints upon when constitutional guarantees are available, I do not believe that the right of confrontation is constitutionally required at a suppression hearing. In this regard, I agree with the thoughtful and well-reasoned opinion of retired Justice Sue Lagarde (the panel also included Justices Francis and Lang) in *Vanmeter v. State*, 165 S.W.3d 68 (Tex. App.-Dallas 2005, pet. ref'd). While the majority's purported holding in this appeal is dicta, it is in direct conflict with *Vanmeter.* I do not join the Court's opinion as noted above, but concur in the Court's judgment.