NO. 07-11-00490-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 26, 2012
_____

ALEX CHRISTOPHER WILLIAMS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 21,641-B; HONORABLE JOHN B. BOARD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Alex Christopher Williams appeals his conviction for possessing a controlled substance (methamphetamine) in an amount of less than one gram and contends that the trial court erred in failing to grant his motion to suppress the evidence. The evidence was discovered in his vehicle, and the search was conducted without a warrant. We affirm.

*Background*

On June 8, 2010, Sergeant William Cole of the Randall County Sheriff's Office was conducting surveillance on appellant pursuant to information received from a reliable confidential informant that appellant was selling methamphetamine and had the substance in his vehicle. The vehicle was described as a white Lincoln Navigator, and Cole was also given a location where appellant was living. At the described location, Cole observed appellant, whose picture he had, get into a white Lincoln Navigator and drive off. Cole followed appellant and saw him execute a turn without using his turn signal. Because Cole was working undercover, he notified Corporal Victor Bradic of the traffic violation and asked Bradic to arrest appellant. He continued to follow appellant until he pulled into a self-serve Shell gas station.

Bradic located appellant parked at the gas station. Another vehicle was also parked at that station. Yet, the occupants of neither were pumping any gas. Nor was the second vehicle parked in a position to do so. Bradic observed a man, Randall Woodard, get out of the passenger seat of the Navigator. Woodard began to walk to the second vehicle but appeared surprised when he noticed Bradic. He then put his hands in his pockets and walked back to the open passenger door of the Navigator and put his hand inside the door. During this time, Bradic told Woodard multiple times to stop but he refused to do so until after returning to the Navigator. It appeared to Bradic that Woodard was trying to hide something in the Navigator.

Bradic handcuffed Woodard for Bradic's protection and then informed appellant he was being arrested for a traffic violation. The Navigator was searched. Part of a plastic baggie was seen wedged in the crease between the upper and lower portions of

the front passenger seat. When the baggie was pulled out, it contained a substance that the officer believed to be methamphetamine. The vehicle was subsequently towed to the Sheriff's Department where the search of the vehicle was completed. At that time, officers found a yellow spray can with a false bottom that contained a spoon, two glass pipes, a large package of clear baggies, and a clear baggie that contained a substance believed to be methamphetamine.

Appellant moved to suppress the evidence discovered in his vehicle. The trial court denied the motion upon concluding that a vehicle was involved and that probable cause existed to believe that it contained contraband.

*Discussion*

The standard of review is well known and needs no reiteration. Instead, we refer the litigants to *Ford v. State,* 158 S.W.3d 488 (Tex. Crim. App. 2005) for its explanation. Next, and as appellant acknowledged in his brief, "'. . . a vehicle may be searched on the basis of probable cause to believe that it contains contraband although exigent circumstances do not exist to justify a warrantless search.'" *Curry v. State*, 228 S.W.3d 292, 295 (Tex. App.–Waco 2007, pet. ref'd). The existence of such probable cause "alone satisfies the automobile exception to the Fourth Amendment warrant requirement." *Dixon v. State*, 206 S.W.3d 613, 619 n.25 (Tex. Crim. App. 2006), *quoting Pennsylvania v. Labron,* 518 U.S. 938, 940, 116 S.Ct. 2485, 735 L.Ed.2d 1031 (1996). And, in assessing whether probable cause exists, we look at the totality of the circumstances to determine if there is a fair probability that contraband or evidence will be found. *Baldwin v. State,* 278 S.W.3d 367, 371 (Tex. Crim. App. 2009). Pertinent circumstances include, among other things, information personally known to law

enforcement officers as well as that garnered from a reasonably trustworthy source. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007), *citing South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). Moreover, the officer undertaking the search need not be privy to all facts and circumstances giving rise to probable cause; data known by law enforcement officials as a collective and because of which the search ensued is also relevant. *Id.* at 24.

Here, Officer Bradic was directed to stop and arrest appellant by Officer Cole. When that directive was made, Cole had been told by a reliable informant that appellant dealt in drugs, was driving a particular vehicle, and had drugs within that vehicle at the time. Cole then conducted surveillance upon appellant and verified that he (appellant) was driving the vehicle described by the informant. To that, we add Bradic's own observations while arriving at the gas station. They include seeing the suspect vehicle apparently parked by a gas pump and another parked away from a pump. Instead of the occupants in either vehicle acquiring gas, someone from the suspect vehicle left it, walked towards the other car, saw Bradic approach in his squad car, act surprised, return to the suspect vehicle despite being told to stop by Bradic, and appear to place something within that vehicle. Bradic then saw the aforementioned plastic baggie in the suspect vehicle. More importantly, the circumstances Bradic personally witnessed occurred during a time when he was authorized to conduct a legitimate traffic stop of both the suspect vehicle and its occupants. The totality of this evidence was enough to create a fair probability that a drug transaction was occurring when Bradic arrived on the scene and that drugs would be found in the vehicle ultimately searched.

4

Because the trial court did not err in ruling as it did, we overrule the issue before us and affirm the trial court's judgment.

Brian Quinn
Chief Justice

Do not publish.