NO. 07-11-00490-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 SEPTEMBER 26, 2012
 _____________________________

 ALEX CHRISTOPHER WILLIAMS,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

 NO. 21,641-B; HONORABLE JOHN B. BOARD, PRESIDING
 _____________________________

 Memorandum Opinion
 _____________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Alex Christopher Williams appeals his conviction for possessing a
controlled substance (methamphetamine) in an amount of less than one gram
and contends that the trial court erred in failing to grant his motion to
suppress the evidence. The evidence was discovered in his vehicle, and the
search was conducted without a warrant. We affirm.

 Background
 On June 8, 2010, Sergeant William Cole of the Randall County
Sheriff's Office was conducting surveillance on appellant pursuant to
information received from a reliable confidential informant that appellant
was selling methamphetamine and had the substance in his vehicle. The
vehicle was described as a white Lincoln Navigator, and Cole was also given
a location where appellant was living. At the described location, Cole
observed appellant, whose picture he had, get into a white Lincoln
Navigator and drive off. Cole followed appellant and saw him execute a
turn without using his turn signal. Because Cole was working undercover,
he notified Corporal Victor Bradic of the traffic violation and asked
Bradic to arrest appellant. He continued to follow appellant until he
pulled into a self-serve Shell gas station.
 Bradic located appellant parked at the gas station. Another vehicle
was also parked at that station. Yet, the occupants of neither were
pumping any gas. Nor was the second vehicle parked in a position to do so.
 Bradic observed a man, Randall Woodard, get out of the passenger seat of
the Navigator. Woodard began to walk to the second vehicle but appeared
surprised when he noticed Bradic. He then put his hands in his pockets and
walked back to the open passenger door of the Navigator and put his hand
inside the door. During this time, Bradic told Woodard multiple times to
stop but he refused to do so until after returning to the Navigator. It
appeared to Bradic that Woodard was trying to hide something in the
Navigator.
 Bradic handcuffed Woodard for Bradic's protection and then informed
appellant he was being arrested for a traffic violation. The Navigator was
searched. Part of a plastic baggie was seen wedged in the crease between
the upper and lower portions of the front passenger seat. When the baggie
was pulled out, it contained a substance that the officer believed to be
methamphetamine. The vehicle was subsequently towed to the Sheriff's
Department where the search of the vehicle was completed. At that time,
officers found a yellow spray can with a false bottom that contained a
spoon, two glass pipes, a large package of clear baggies, and a clear
baggie that contained a substance believed to be methamphetamine.
 Appellant moved to suppress the evidence discovered in his vehicle.
The trial court denied the motion upon concluding that a vehicle was
involved and that probable cause existed to believe that it contained
contraband.
 Discussion
 The standard of review is well known and needs no reiteration.
Instead, we refer the litigants to Ford v. State, 158 S.W.3d 488 (Tex.
Crim. App. 2005) for its explanation. Next, and as appellant acknowledged
in his brief, "'. . . a vehicle may be searched on the basis of probable
cause to believe that it contains contraband although exigent circumstances
do not exist to justify a warrantless search.'" Curry v. State, 228 S.W.3d
292, 295 (Tex. App.-Waco 2007, pet. ref'd). The existence of such probable
cause "alone satisfies the automobile exception to the Fourth Amendment
warrant requirement." Dixon v. State, 206 S.W.3d 613, 619 n.25 (Tex. Crim.
App. 2006), quoting Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S.Ct.
2485, 735 L.Ed.2d 1031 (1996). And, in assessing whether probable cause
exists, we look at the totality of the circumstances to determine if there
is a fair probability that contraband or evidence will be found. Baldwin
v. State, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009). Pertinent
circumstances include, among other things, information personally known to
law enforcement officers as well as that garnered from a reasonably
trustworthy source. Wiede v. State, 214 S.W.3d 17, 24 (Tex. Crim. App.
2007), citing South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49
L.Ed.2d 1000 (1976). Moreover, the officer undertaking the search need not
be privy to all facts and circumstances giving rise to probable cause; data
known by law enforcement officials as a collective and because of which the
search ensued is also relevant. Id. at 24.
 Here, Officer Bradic was directed to stop and arrest appellant by
Officer Cole. When that directive was made, Cole had been told by a
reliable informant that appellant dealt in drugs, was driving a particular
vehicle, and had drugs within that vehicle at the time. Cole then
conducted surveillance upon appellant and verified that he (appellant) was
driving the vehicle described by the informant. To that, we add Bradic's
own observations while arriving at the gas station. They include seeing
the suspect vehicle apparently parked by a gas pump and another parked away
from a pump. Instead of the occupants in either vehicle acquiring gas,
someone from the suspect vehicle left it, walked towards the other car, saw
Bradic approach in his squad car, act surprised, return to the suspect
vehicle despite being told to stop by Bradic, and appear to place something
within that vehicle. Bradic then saw the aforementioned plastic baggie in
the suspect vehicle. More importantly, the circumstances Bradic personally
witnessed occurred during a time when he was authorized to conduct a
legitimate traffic stop of both the suspect vehicle and its occupants. The
totality of this evidence was enough to create a fair probability that a
drug transaction was occurring when Bradic arrived on the scene and that
drugs would be found in the vehicle ultimately searched.
 Because the trial court did not err in ruling as it did, we overrule
the issue before us and affirm the trial court's judgment.

 Brian Quinn
 Chief Justice

Do not publish.