IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number:  2013-NMSC-047

Filing Date:  October 15, 2013

Docket No. 33,736

STATE OF NEW MEXICO,

       Plaintiff-Appellee,

v.

AQUILINO LOPEZ,

       Defendant-Appellant.

CERTIFICATION FROM THE NEW MEXICO COURT OF APPEALS
Grant L. Foutz, District Judge

Bennett J. Baur, Acting Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

Gary K. King, Attorney General
Ralph E. Trujillo, Assistant Attorney General
Santa Fe, NM

for Appellee

OPINION

DANIELS, Justice.

{1}     Defendant's motion for rehearing is granted. The opinion filed on August 29, 2013, is withdrawn and the following opinion, which further clarifies the scope of our holding regarding the only issue presented to the Court—whether the constitutional right of confrontation applies at a preliminary examination—is substituted in its place.

{2}     Under Article II, Section 14 of the New Mexico Constitution, a defendant may not be brought to trial for a serious criminal offense unless there first has been a determination

1

of probable cause, either by a grand jury or by a judge at a preliminary examination. In this case we consider whether the full constitutional right of confrontation in criminal prosecutions applies at a pretrial probable cause determination. We hold that it does not, because the right of confrontation in Article II, Section 14 of the New Mexico Constitution, as with the right of confrontation guaranteed by the Sixth Amendment to the United States Constitution, applies only at a criminal trial where guilt or innocence is determined. We overrule the contrary precedent of *Mascarenas v. State*, 1969-NMSC-116, 80 N.M. 537, 458 P.2d 789, to the extent that it held otherwise.

## I.    BACKGROUND

{3}    Defendant Aquilino Lopez was stopped for speeding and arrested for driving with a suspended license. While performing a search incident to the arrest, the arresting officer discovered in Defendant's pocket a clear bag containing a green leafy substance suspected by the deputy to be marijuana. During an inventory of the contents of Defendant's car, officers discovered another bag containing a white powdery substance that they believed to be cocaine. Defendant was charged with possession of a controlled substance with intent to distribute, possession of marijuana, and driving with a suspended or revoked license.

{4}    At the Rule 6-202 NMRA preliminary examination conducted in magistrate court to assess probable cause to prosecute, the magistrate court admitted, over Defendant's Confrontation Clause objections, a written report of the New Mexico Department of Public Safety Forensic Laboratories concluding that the white powdery substance was cocaine and the green leafy substance was marijuana. Although the New Mexico Rules of Evidence generally govern proceedings in preliminary examinations, pursuant to Rules 11-101 and 11-1101 NMRA, admission of the laboratory report was permitted by this Court's Rule 6-608(A) NMRA, which provides a specific exception to our hearsay rule for admissibility "[i]n any preliminary hearing" of "a written report of the conduct and results of a laboratory analysis of a . . . controlled substance." Rule 6-608(B) further provides that nothing in the rule "shall limit the right of a party to call witnesses to testify as to the matters covered in such report, nor affect the admissibility of any evidence other than this report." The magistrate court also considered the expert opinions of two police officers that the two substances were cocaine and marijuana. As a result, the court determined there was probable cause to believe that Defendant had committed the offenses charged and bound the case over for trial in the district court.

{5}    Defendant entered a special appearance in the district court and filed a motion to dismiss or, in the alternative, to remand the case to the magistrate court for another preliminary examination. The motion alleged that the magistrate had violated Defendant's confrontation rights under both the Sixth Amendment to the United States Constitution and Article II, Section 14 of the New Mexico Constitution by admitting the forensic laboratory report into evidence at the preliminary hearing without an opportunity for the defense to personally cross-examine the laboratory analyst who prepared the report. The motion argued that as a result the district court did not have jurisdiction to proceed further in the case. The

State responded that neither the federal nor state constitution guarantees personal confrontation at pretrial probable cause hearings and, in the alternative, argued that any error in admitting the laboratory report would have been harmless, given the opinion testimony of the officers that the bags in Defendant's possession contained marijuana and cocaine. After a hearing, the district court denied Defendant's motion.

{6} Defendant subsequently entered a plea of guilty to possession with intent to distribute cocaine, reserving the right to appeal the denial of his motion to dismiss or remand, consistent with the conditional plea provisions of Rule 5-304(A)(2) NMRA. Defendant appealed his conviction to the New Mexico Court of Appeals, arguing that the district court did not acquire jurisdiction to hear the case because admission of the laboratory report without an opportunity to face and personally question its author was a denial of Defendant's right of confrontation and that as a result of that denial he had not been afforded a lawful preliminary examination. The Court of Appeals certified the appeal directly to this Court, pursuant to NMSA 1978, Section 34-5-14(C) (1972) and Rule 12-606 NMRA, reciting that the appeal raises an issue of substantial public interest and presents a significant question of law under the New Mexico Constitution in light of the apparent conflict between the holdings in *Mascarenas*, which applied the Confrontation Clause to pretrial probable cause hearings, and the analysis in the more recent case of *State v. Rivera*, 2008-NMSC-056, 144 N.M. 836, 192 P.3d 1213, which concluded that because the Confrontation Clause provides a trial right it does not apply in pretrial suppression hearings. *See id.* ¶ 13. We accepted certification to clarify whether the constitutional right to personal confrontation that is guaranteed at trial also controls the admissibility of evidence in preliminary examination probable cause determinations.

## II.    DISCUSSION

### A.    Standard of Review

{7} "Questions of admissibility under the Confrontation Clause are questions of law, which we review de novo." *Id.* ¶ 10 (internal quotation marks and citation omitted).

### B.    The Federal Sixth Amendment Right of Confrontation Is a Trial Right Which Does Not Apply at Preliminary Probable Cause Determinations

{8} Where the United States Constitution and the New Mexico Constitution provide overlapping protections, we apply an interstitial mode of analysis, which requires that we first consider "whether the right being asserted is protected under the federal constitution." *State v. Ketelson*, 2011-NMSC-023, ¶ 10, 150 N.M. 137, 257 P.3d 957 (internal quotation marks and citation omitted). "If the right is protected by the federal constitution, then the state constitutional claim is not reached." *Id.* The right of confrontation is guaranteed by the Sixth Amendment to the United States Constitution, which in turn "is made obligatory on the States by the Fourteenth Amendment." *Pointer v. Texas*, 380 U.S. 400, 403 (1965).

**{9}** The United States Supreme Court consistently has interpreted confrontation as a right that attaches at the criminal trial, and not before. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) (plurality opinion) ("[T]he right to confrontation is a *trial* right."); *Barber v. Page*, 390 U.S. 719, 725 (1968) ("The right to confrontation is basically a trial right."); *cf. Crawford v. Washington*, 541 U.S. 36, 68 (2004) (holding that the Confrontation Clause prohibits introduction *at trial* of testimony from a preliminary hearing or other forms of testimonial hearsay unless there had been a prior opportunity to cross-examine the original declarant of the oral or written statements).

**{10}** The Court has based its stance on the differing purposes of pretrial hearings and trials on the merits. *See United States v. Raddatz*, 447 U.S. 667, 679 (1980) (holding that because the interests at stake are of a lesser magnitude, the process due at a pretrial "hearing may be less demanding and elaborate than the protections accorded the defendant at the trial itself"); *see also Brinegar v. United States*, 338 U.S. 160, 173 (1949) ("There is a large difference between . . . things to be proved, as well as between the tribunals which determine [criminal guilt as opposed to probable cause], and therefore a like difference in the quanta and modes of proof required to establish them."); *Gerstein v. Pugh*, 420 U.S. 103, 113-14, 120 (1975) (holding that while the Fourth Amendment requires "a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest," the United States Constitution does not require trial formalities for a judicial probable cause determination for issuance of an arrest warrant or a postarrest detention review).

**{11}** Applying federal law, we therefore must reject Defendant's reliance on the Confrontation Clause of the United States Constitution.

### C. The New Mexico Constitution's Right of Confrontation Is a Trial Right That Does Not Apply at Preliminary Probable Cause Determinations

#### 1. Interstitial Analysis Does Not Justify Deviating from Federal Law

**{12}** Where a defendant relies on the New Mexico Constitution as providing broader protection, our interstitial approach requires an interpretation of the New Mexico Constitution that is consistent with our interpretation of its federal counterpart unless a different interpretation of the overlapping rights is justified as a result of "a flawed federal analysis, structural differences between state and federal government, or distinctive state characteristics." *State v. Gomez*, 1997-NMSC-006, ¶ 19, 122 N.M. 777, 932 P.2d 1. This analysis honors "the responsibility of state courts to preserve national uniformity in development and application of fundamental rights guaranteed by our state and federal constitutions" while preserving the right to interpret our own constitution differently where a deviation is called for. *Id.* ¶ 21 (internal quotation marks and citation omitted).

**{13}** In this case, Defendant relies on our broader state constitutional interpretation in *Mascarenas*, decided almost thirty years before *Gomez* when we adopted the interstitial

approach. *Mascarenas* held that the New Mexico Constitution's guarantee of personal confrontation in criminal proceedings applies specifically to a probable cause determination in a preliminary examination. *See* 1969-NMSC-116, ¶ 13. Therefore we will first conduct our interstitial analysis, and then we will consider the stare decisis effect of overruling *Mascarenas*. We begin our interstitial analysis by comparing the texts of the federal and state constitutions.

**{14}** The Confrontation Clause of the United States Constitution is contained in the Sixth Amendment's listing of procedural rights in "all criminal prosecutions."

> *In all criminal prosecutions, the accused shall enjoy the right* to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; *to be confronted with the witnesses against him*; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI (emphasis added).

**{15}** Article II, Section 14 of the New Mexico Constitution also provides an array of procedural rights to defendants in state criminal prosecutions. Its first paragraph addresses initiatory proceedings, including the preliminary determination of probable cause to prosecute:

> No person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney or attorney general or their deputies, except in cases arising in the militia when in actual service in time of war or public danger. No person shall be so held on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination.

N.M. Const. art. II, § 14.

**{16}** After the second paragraph, addressing grand jury proceedings that do not relate to the issues in this case, Section 14—in language strikingly similar to that of the Sixth Amendment—catalogues a variety of procedural rights in its final paragraph:

> *In all criminal prosecutions, the accused shall have the right* to appear and defend himself in person, and by counsel; to demand the nature and cause of the accusation; *to be confronted with the witnesses against him*; to have the charge and testimony interpreted to him in a language that he understands; to have compulsory process to compel the attendance of

5

necessary witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed.

*Id.* (emphasis added).

**{17}** With regard to confrontation rights in particular, the New Mexico Constitution tracks the wording of the Sixth Amendment: "In all criminal prosecutions, the accused shall [enjoy] the right . . . to be confronted with the witnesses against him." There is therefore no textual justification for interpreting the two provisions inconsistently.

**{18}** We also see no relevant structural differences between the federal and New Mexico criminal justice systems that would justify our treating the right of confrontation as anything other than a right that must be honored at a criminal trial. *See Rivera*, 2008-NMSC-056, ¶ 14 (observing that the right of confrontation is a "trial right"). In both systems, the trial is the only point at which guilt or innocence may be definitively determined and is the stage of the criminal prosecution at which such key procedural protections as the right to a jury as factfinder and the prohibition against double jeopardy apply. *See State v. Rudy B.*, 2010-NMSC-045, ¶¶ 58-59, 149 N.M. 22, 243 P.3d 726 (holding that there is no right to a jury as factfinder in a juvenile amenability hearing, just as there is no such right in a sentencing hearing generally); *State v. Isaac M.*, 2001-NMCA-088, ¶ 14, 131 N.M. 235, 34 P.3d 624 (holding that the Double Jeopardy Clause does not protect against "multiple attempts to show probable cause" because "it is settled law that jeopardy does not attach pretrial, but instead attaches" only at the criminal trial).

**{19}** While the right of confrontation is a vitally important feature of our criminal justice system, there are many important stages of a criminal prosecution, each with different purposes. There is nothing in the structure or text of the New Mexico Constitution that would make it any more reasonable to apply the full panoply of constitutional trial rights at preliminary examinations conducted to determine probable cause to prosecute than it would be to do so at grand jury determinations of probable cause to prosecute or pretrial determinations of probable cause for a search or arrest. We have refused to extend trial confrontation rights to a variety of nontrial stages of criminal prosecutions. As we observed in *Reed v. State ex rel. Ortiz*, 1997-NMSC-055, ¶ 49, 124 N.M. 129, 947 P.2d 86,

> [t]he rules of evidence do not apply in 'proceedings for extradition or rendition.' Rule 11-1101(D)(2) NMRA 1997. Extradition hearings are not criminal trials in which the guilt or innocence of the defendant is adjudicated. The hearing functions simply to ascertain whether the evidence of criminal conduct by the defendant is sufficient to justify extradition. Thus, the court may consider unsworn statements of absent witnesses as well as hearsay.

(citation omitted), *reversed on other grounds by New Mexico ex rel. Ortiz v. Reed*, 524 U.S. 151, 155 (1998); *see also State v. Guthrie*, 2011-NMSC-014, ¶¶ 12, 43-44, 150 N.M. 84, 257

P.3d 904 (overruling *State v. Phillips*, 2006-NMCA-001, 138 N.M. 730, 126 P.3d 546, and holding that full confrontation rights do not apply in parole and probation revocation proceedings and focusing on due process fairness concerns instead); *Jones v. Murdoch*, 2009-NMSC-002, ¶ 24, 145 N.M. 473, 200 P.3d 523 (stating that it is "the grand jury's prerogative to weigh the evidence before it as it sees fit in making an independent decision whether to indict"); *Buzbee v. Donnelly*, 1981-NMSC-097, ¶ 16, 96 N.M. 692, 634 P.2d 1244 (noting that grand juries have wide latitude to investigate criminal activity to determine probable cause and are "unrestrained by the technical, procedural and evidentiary rules governing the conduct of criminal trials"). While Rule 11-1101 does not exempt preliminary examinations from application of the New Mexico Rules of Evidence, Rule 11-1101(D)(3)(a) provides a number of other examples of pretrial proceedings that are not governed by the rules, such as grand jury proceedings and proceedings for nonjury sentencing, granting or revoking probation, granting or revoking supervised release, and extradition hearings. The issue in this case, of course, is not whether admission of the laboratory report violated our rules of evidence or procedure but whether the Confrontation Clause overrides our rules in nontrial proceedings.

**{20}** The majority of other states reject constitutional interpretations that would inject confrontation rights into pretrial probable cause determinations. *See State v. Randolph*, 933 A.2d 1158, 1191 n.15 (Conn. 2007) (determining that the majority of the states conclude that the right of confrontation is a trial right that does not apply to preliminary examinations); *see also, e.g.*, *Blevins v. Tihonovich*, 728 P.2d 732, 734 (Colo. 1986) ("The preliminary hearing is not intended to be a mini-trial . . . , and a defendant has no constitutional right to an unrestricted confrontation of all witnesses."); *State v. Sherry*, 667 P.2d 367, 376 (Kan. 1983) ("There is no constitutional right to allow the accused to confront witnesses against him at the preliminary hearing."); *Sheriff v. Witzenburg*, 145 P.3d 1002, 1005 (Nev. 2006) (concluding that there is "[no] confrontation right at a preliminary examination"); *State v. Woinarowicz*, 720 N.W.2d 635, 641 (N.D. 2006) (reiterating that the "right to confrontation is a trial right, which does not apply to pretrial suppression hearings").

**{21}** We therefore conclude that there are no principled reasons for departing from federal constitutional law, and consistent with the law in most American jurisdictions, we hold that nothing in Article II, Section 14 of the New Mexico Constitution requires affording constitutional confrontation rights at a pretrial hearing to determine probable cause to prosecute.

## 2. Stare Decisis Does Not Require Continued Adherence to *Mascarenas*

**{22}** This Court has never reexamined *Mascarenas*'s application of full confrontation rights to a preliminary examination, despite the significant developments in Confrontation Clause jurisprudence. *See, e.g.*, *Bullcoming v. New Mexico*, 564 U.S. __, __ , 131 S. Ct. 2705, 2713 (2011) (holding that introduction of a forensic laboratory report at trial without producing its author for personal cross-examination violates the Confrontation Clause); *Crawford*, 541 U.S. at 42, 68-69 (overruling *Ohio v. Roberts*, 448 U.S. 56 (1980), and its

7

reliability approach to admissibility of out-of-court statements). However, the *Mascarenas* precedent was left in serious doubt in *Rivera*, when we overruled *State v. Hensel*, 1987-NMCA-059, ¶¶ 15-16, 106 N.M. 8, 738 P.2d 126. *See Rivera*, 2008-NMSC-056, ¶ 22 (concluding that the Confrontation Clause does not bar the use of hearsay to demonstrate probable cause and that "the *Hensel* opinion does not reflect current confrontation clause jurisprudence and is of no current value to our courts").

**{23}** Before reconsidering our own precedent and overcoming the legal stability principles of stare decisis, we must consider "such common-sense factors as whether the precedent is a remnant of abandoned doctrine, whether the precedent has proved to be unworkable, whether changing circumstances have deprived the precedent of its original justification, and the extent to which parties relying on the precedent would suffer hardship from its overruling." *State v. Montoya*, 2013-NMSC-020, ¶ 40, 306 P.3d 426 (internal quotation marks and citation omitted).

**{24}** For reasons we have already addressed in the interstitial analysis, *Mascarenas* is a textbook example of a precedent that should be overruled. It is an anomalous remnant of old and unsound reasoning that is inconsistent with the principles underlying our criminal procedure jurisprudence. By reasoning that full confrontation rights must be afforded in all stages of a criminal proceeding, *Mascarenas* is an unworkable precedent that would require not only personal attendance by laboratory analysts as in this case but more broadly all other features of trial-type confrontation in warrant procedures, grand jury determinations, bail hearings, motions hearings, extradition hearings, sentencings, and every other pretrial and posttrial event, without regard for our rules of evidence or procedure, creating substantial and unnecessary logistical difficulties throughout the course of a criminal case.

**{25}** There is no reasonable possibility of any person's justified reliance on *Mascarenas* being unfairly frustrated, either before or after the alleged commission of the crimes that may be the focus of a pretrial probable cause determination. As we recently observed in *State v. Swick*, 2012-NMSC-018, ¶ 18, 279 P.3d 747, "justifiable reliance, which is most important in cases implicating property and contract rights, and least important in cases involving procedural and evidentiary rules, is not present in this case."

### 3.    *State v. Mascarenas* **Is Overruled**

**{26}** To the extent that it held otherwise, we explicitly overrule *Mascarenas* and hold that the right of confrontation in Article II, Section 14 of the New Mexico Constitution is a trial right that does not apply to probable cause determinations in preliminary examinations. We specifically do not reach out to address issues raised by Defendant that are beyond the scope of the case presented to us, such as the right to subpoena defense witnesses, the use of hearsay not admitted under a specific court rule, the scope of cross-examination, the right to receive and review statements of adverse witnesses, and the right to review evidence related to the charges against the accused. Because a claimed violation of Defendant's constitutional confrontation right was the only basis for Defendant's motion to dismiss or

8

remand, we affirm the ruling of the district court.

## III. CONCLUSION

**{27}** We affirm Defendant's conviction and sentence.

**{28}** **IT IS SO ORDERED.**

                    _____

                    **CHARLES W. DANIELS, Justice**

**WE CONCUR:**

_____

**PETRA JIMENEZ MAES, Chief Justice**

_____

**RICHARD C. BOSSON, Justice**

_____

**EDWARD L. CHÁVEZ, Justice**

_____

**BARBARA J. VIGIL, Justice**

**Topic Index for *State v. Lopez*, No. 33,736**

**APPEAL AND ERROR**
Standard of Review

**CONSTITUTIONAL LAW**
Confrontation
Right to Confrontation
Interstitial Analysis
New Mexico Constitution, General

**CRIMINAL LAW**
Controlled Substances

**CRIMINAL PROCEDURE**
Preliminary Examination
Probable Cause
Right to Confrontation
Stare Decisis