This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                                                             **No. A-1-CA-34120**

**SAMMY PINON,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Laura E. Horton, Assistant Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett, P.C.
Linda Helen Bennett
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**M. ZAMORA, Chief Judge.**

**{1}**     Defendant Sammy J. Pinon appeals his conviction of retaliation against a witness, contrary to NMSA 1978, Section 30-24-3 (1997). Defendant argues (1) the district court violated his confrontation rights by admitting witness testimony from the preliminary hearing; (2) there was insufficient evidence to support his conviction without the preliminary hearing testimony; and (3) he received ineffective assistance of counsel at trial and on appeal. Unpersuaded, we affirm.

**{2}**     We review the merits of this case on remand from the New Mexico Supreme Court, which issued a dispositional order of reversal. *See State v. Pinon*, No. S-1-SC-

36408, dec. (N.M. Sup. Ct. June 21, 2018) (non-precedential) (concluding this Court has jurisdiction).[1] Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of the case, we reserve discussion of the relevant facts for our analysis.

**DISCUSSION**

**I.      Admission of Preliminary Hearing Audio Tape**

{3}      Abigail Balboa testified on behalf of the State at Defendant's preliminary hearing. Ms. Balboa testified that she witnessed Defendant confront and hit her brother, Carlos Maldonado, who had served as a witness against Defendant in another case. Subsequently, Ms. Balboa died before trial, and the State moved to admit an audio tape of Ms. Balboa's testimony at Defendant's preliminary hearing in lieu of trial testimony, pursuant to Rule 11-804(B) NMRA. Defendant objected to the introduction of the audio tapes on the grounds that it violated his right to confront Ms. Balboa. The district court granted the State's motion, and Ms. Balboa's preliminary hearing testimony was played for the jury at trial.

{4}      Defendant maintains that the admission of Ms. Balboa's preliminary hearing testimony violates his right to confront a witness under Article II, Section 14 of the New Mexico Constitution.[2] Defendant further argues that Ms. Balboa's testimony was "unreliable" and had "not been subject to rigorous cross[-]examination." Defendant does not argue that the testimony was improperly admitted under an exception to hearsay under Rule 11-804(B)(1) NMRA. Moreover, Defendant asserts that if this Court agrees that Ms. Balboa's testimony was improperly admitted, without Ms. Balboa's testimony, there was insufficient evidence to convict Defendant.

{5}      "Questions of admissibility under the Confrontation Clause are questions of law, which we review de novo." *State v. Lopez*, 2013-NMSC-047, ¶ 7, 314 P.3d 236 (internal quotation marks and citation omitted). Article II, Section 14 of the New Mexico Constitution provides that a criminal defendant shall have the opportunity to confront the witnesses against him. Our Supreme Court has determined that the New Mexico Constitution tracks the wording of the Sixth Amendment of the United States Constitution, and "[t]here is therefore no textual justification for interpreting the two

---

1We note that although Defendant has completed the term of his sentence, we reach the merits of this case because of the continuing "collateral consequences" of Defendant's felony conviction. *See State v. Sergio B.*, 2002-NMCA-070, ¶ 10, 132 N.M. 375, 48 P.3d 764 (recognizing that an appellate court will review a criminal conviction even after the defendant has completed his term of incarceration "because of the continuing collateral consequences of a conviction"). Neither party disputes this Court's authority to reach the merits on that basis.

2Although Defendant generally cites to our interstitial approach and implies that the state constitution should provide greater protection, he fails to develop the argument, and we will not develop it for him. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (stating that appellate courts are under no obligation to review unclear or undeveloped arguments); *State v. Leyva*, 2011-NMSC-009, ¶ 49, 149 N.M. 435, 250 P.3d 861 (stating that when a state constitutional provision has never been interpreted as providing greater protections than its federal counterpart, the proponent must make the arguments below necessary for the court to conduct an interstitial analysis).

provisions inconsistently." *Lopez,* 2013-NMSC-047, ¶ 17; *see also id.* ¶ 21 ("conclud[ing] that there are no principled reasons for departing from federal constitutional law[,]" and "hold[ing] that nothing in Article II, Section 14 of the New Mexico Constitution requires affording constitutional confrontation rights at a [preliminary] hearing"). The Confrontation Clause "prohibits the introduction of testimonial hearsay unless the accused has had the opportunity to cross-examine the declarant." *State v. Carmona,* 2016-NMCA-050, ¶ 15, 371 P.3d 1056 (citing *Crawford v. Washington,* 541 U.S. 36, 54 (2004)). This Court has held that admission of a "testimonial" statement given by a witness under oath in a preliminary hearing "does not violate the Confrontation Clause under *Crawford* where: (1) the witness is unavailable; and (2) the defendant had a prior opportunity to cross-examine the statement that is now being offered into evidence against him." *State v. Henderson,* 2006-NMCA-059, ¶ 16, 139 N.M. 595, 136 P.3d 1005 (emphasis omitted).

**{6}** Here, Ms. Balboa's testimony did not violate Defendant's confrontation right because both elements are met. Due to her death prior to Defendant's trial, Ms. Balboa was "unavailable" as required by Rule 11-804(A)(4) (defining unavailability to include death). In addition, Defendant had the opportunity to—and in fact did—cross-examine Ms. Balboa at the preliminary hearing. Therefore, the admission of the former sworn testimony of Ms. Balboa was properly admitted. *See Lopez,* 2011-NMSC-035, ¶ 12 (concluding that there was no Sixth Amendment Confrontation Clause violation when the defendant had an opportunity to and actually did cross-examine the witness at the preliminary hearing). Although Defendant contends that Ms. Balboa's testimony was "unreliable" and had "not been subject to rigorous cross[-]examination[,]" such assertions misapprehend controlling case law. *See Henderson,* 2006-NMCA-059, ¶ 13 (acknowledging abandonment of the United States Supreme Court's reliability test in *Ohio v. Roberts,* 448 U.S. 56, (1980), in favor of the confrontation test articulated in *Crawford,* 541 U.S. 36); *Henderson,* 2006-NMCA-059,¶ 16 (setting out the standard for admission of a testimonial statement in a preliminary hearing). Therefore, we hold that the district court did not err in admitting Ms. Balboa's preliminary hearing testimony at trial.

**{7}** Because Defendant's sufficiency of the evidence argument is predicated on the absence of Ms. Balboa's testimony, we need not reach this argument in light of our above holding. Ms. Balboa's testimony, along with the other evidence presented at trial, is sufficient to support Defendant's conviction.

## II. Ineffective Assistance of Counsel

**{8}** Defendant contends that he received ineffective assistance of counsel at trial and on appeal. First, Defendant argues that his trial counsel was ineffective when he (1) failed to object "adequately" to the introduction and use of Ms. Balboa's preliminary hearing testimony, and (2) failed to "properly and thoroughly" impeach Ms. Balboa. Specifically, Defendant asserts that trial counsel failed to impeach Ms. Balboa's testimony by eliciting evidence that "[Ms.] Balboa was a chronic drug user and was likely under the influence at the time of the incident and when she gave her statement to

. . . law enforcement; and . . . [Ms.] Balboa's brother [Carlos] Maldonado was in custody for voluntary manslaughter, which took place during an incident that also involved [Defendant]."

**{9}**    "We review claims of ineffective assistance of counsel de novo." *State v. Dylan J.*, 2009-NMCA-027, ¶ 33, 145 N.M. 719, 204 P.3d 44. To establish a prima facie case of ineffective assistance, a defendant must show that: "(1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense." *State v. Bahney*, 2012-NMCA-039, ¶ 48, 274 P.3d 134; *accord State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289 ("For a successful ineffective assistance of counsel claim, a defendant must first demonstrate error on the part of counsel, and then show that the error resulted in prejudice."). "We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168 (internal quotation marks and citation omitted). "If any claimed error can be justified as a trial tactic or strategy, then the error will not be unreasonable." *Bernal*, 2006-NMSC-050, ¶ 32.

**{10}**    Here, Defendant misconstrues the record since defense counsel *did* object to the introduction of the preliminary hearing testimony as a violation of Defendant's right to confrontation. Moreover, Defendant has not overcome the strong presumption that his counsel's impeachment of Ms. Balboa might be considered sound trial strategy. Defense counsel may have exercised a particular strategy or trial tactic in deciding not to impeach Ms. Balboa with her brother's prior bad acts involving Defendant. *See Henderson*, 2006-NMCA-059, ¶ 10 (observing "the fact that the defendant chose not to further cross-examine the witness was a matter of tactics"). Additionally, Defendant cites nothing in the record in support of his allegation that Ms. Balboa was a "chronic drug user" or was under the influence at the time of the incident or when she gave her statement to police. Based on our review of the record, we see no evidence, and Defendant points us to none, demonstrating that trial counsel's conduct fell below that of a reasonably competent attorney. Thus, we conclude that Defendant has not made a prima facie case that his trial counsel was ineffective.

**{11}**    Second, Defendant also contends his appellate counsel was ineffective based on counsel's actions in Defendant's prior appeal to this Court. The ineffective assistance of appellate counsel was argued at the habeas corpus proceeding and resulted in the current reinstated appeal. We do not reach Defendant's argument that appellate counsel was ineffective because, pursuant to the district court's un-appealed partial grant of habeas corpus, Defendant was granted the current appeal as a remedy for lack of a meaningful appeal due to his appellate counsel's failures. *See State v. Garcia*, 2019-NMCA-056, ¶ 48 n.7, 450 P.3d 418 (noting that by this Court reaching the merits of his appeal, the defendant received "the remedy he was entitled to under the Sixth Amendment's right to effective assistance of counsel for appellate counsel's failure to

perfect his original appeal"). He has not been limited to the issues briefed in his original docketing statement nor bound by this Court's original summary affirmance. Because Defendant has given us no other reason to consider this argument further, we decline to do so.

**CONCLUSION**

**{12}** For the aforementioned reasons, we affirm Defendant's conviction.

**{13}** **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**RICHARD C. BOSSON, Judge Pro Tempore**