282 So.2d 649 (1973)
STATE of Florida, Appellant,
v.
David K. SIGERSON, Jr., Appellee.
No. 72-1057.
District Court of Appeal of Florida, Second District.
September 12, 1973.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellant.
Peter J.T. Taylor, Putney, Taylor § Hampton, Tampa, for appellee.
BOARDMAN, Judge.
This is a timely interlocutory appeal filed by the appellant, State of Florida, pursuant to the applicable statute and rules of this court from the order of the trial court granting appellee's motion to suppress evidence.
Appellee, David K. Sigerson, Jr., was charged in an information with possession of marijuana in violation of the Florida Drug Abuse Law, Section 404.02, Florida Statutes, F.S.A. After proper hearing the trial court, as stated above, granted the motion to suppress.
It appears from the record that appellee was attempting to board an aircraft at *650 Tampa International Airport when, while checking into the airport, he apparently fell within the criteria of a "skyjacker profile"[1] as developed by the Federal Aviation Administration in conjunction with commercial airlines. He was, therefore, designated as a "selectee."
The incident occurred on June 26, 1972. The case is governed by the Federal Aviation Regulations effective February 6, 1972, requiring each airline to screen passengers and carry-on baggage so that no explosives or weapons would be carried abroad, and the Federal Aviation Regulation effective March 9, 1972, requiring each airline to adapt a security program with respect to checked baggage and cargo to accomplish the same end.
The regulations, supra, required appellee, before boarding the aircraft, to pass through a device known as a magnetometer[2] and undergo a search of his baggage and person. Appellee was searched by a Deputy United States Marshal and found to be in control of more than five grams of marijuana. Appellee was not advised that he had the right of refusing to be searched provided he did not board the aircraft.
At the hearing on the motion to suppress the contraband, the state offered as its only witness Mitchell A. Newberger, then a Deputy United States Marshal, since appointed to the position of United States Marshal for the Middle Judicial District of Florida. The trial court, after extensive and lengthy interrogation, permitted the witness, Newberger, to testify as an expert witness as to what the profile actually is and on the use and purpose of the magnetometer. Timely objection was made to this ruling by the attorney for appellee. Whereupon, the assistant county solicitor commenced to continue his questioning of the said witness who stated he was refusing to testify concerning the profile in the presence of the appellee on instruction from the United States Department of Justice and headquarters office of the United States Marshal's Service, Washington, D.C. Subsequently, the prosecutor requested that the defendant be excused from the hearing in order that the trial court interview the witness, Newberger, as to the criteria of the profile. Counsel for appellee objected and the trial judge then indicated he was ready to rule on the motion. Prior to the announcement of the court's decision, the prosecutor suggested an alternative method of procedure which was that all persons exit the courtroom except the judge, court reporter and the witness, Marshal Newberger. Counsel for appellee objected to the suggestion that both he and the accused be barred from the hearing. The state then elected to proceed no further with the hearing and requested the court to grant a continuance pending the filing of an appeal.
We have carefully considered the record, briefs and oral argument. The record is not as complete as we would like for it to be. As stated previously herein, the state did not choose to offer additional testimony at the pretrial suppression hearing. As a consequence it is unnecessary for us to reach or decide several underlying questions and issues which might otherwise have been presented.
We are faced with the narrow issue of deciding whether the ruling of the trial court granting the appellee's motion to suppress the contraband was proper and correct. We think it was as will hereinafter be shown.
Obviously the appellee was charged with a violation of Florida law. He could have been charged with a violation of a federal statute. The case being here the law of Florida is controlling. However, in view of the nature of the case sub judice, *651 we must also look to the applicable federal decisions for at least guidance in arriving at our decision. Particularly so since our research has not disclosed a Florida case precisely on point.
The hearing on the motion to suppress, while not deciding the guilt or innocence of the appellee, is clearly a critical stage of the prosecution and the confrontation clause of the Sixth Amendment to the United States Constitution guarantees an accused in a criminal case the right to confront the witnesses against him. Federal courts have permitted in camera proceedings on the criteria of the profile in airport search cases without the accused being present. But, in such cases, the attorney for the accused was permitted to attend and take part in the proceedings. See United States v. Lopez, 328 F. Supp. 1077 (E.D.N.Y. 1971), and United States v. Bell, 464 F.2d 667 (2d Cir.1972). Our research has not disclosed a single reported case, federal or state, wherein both the accused and his attorney were barred or excluded from attendance at such in camera proceedings. It would have been reversible error for the trial court to have granted the prosecutor's request to conduct the in camera proceedings without the attorney for appellee being present.
We recognize the absolute necessity of maintaining the integrity and the secrecy of the profile for the protection and safety of the airplane traveling public. But, by the same token, we cannot sanction or condone the unreasonable and unwarranted intrusion or invasion of the inherent individual rights of an accused.
We point out that there is not one shred of evidence in the record to establish probable cause for the search and seizure. As previously stated, only one witness testified in behalf of the state, i.e., Deputy United States Marshal Newberger, who candidly admitted that he did not have personal knowledge of the facts of this case. The state did subpoena other witnesses but, for reasons known to the prosecutor, did not see fit to call upon them to testify. Further, the trial court gave the prosecutor every reasonable opportunity to proceed to present such other matters as he deemed advisable. The state elected not to proceed. Whereupon, in a well-reasoned order, the trial judge granted appellee's motion to suppress the evidence.
None of the many cases cited by appellant in its brief involved similar factual circumstances as involved in the case sub judice. We cannot agree with the appellant's contention that cases decided in the federal and state courts on the matter of disclosure of confidential informers are analogous and controlling in this case. Our ruling should not be viewed as critical of the federal government's antihighjack program which is a highly commendable effort to prevent what all agree should be prevented.
The order of the trial court is hereby
Affirmed.
MANN, C.J., and LILES, J., concur.
NOTES
[1] A method developed by the federal government and used by the nation's airport facilities to help determine potential skyjackers. It is based on personal appearance and personality.
[2] A device used at airports to detect metal objects of a certain weight, primarily used in the prevention of skyjacking.