PD-0575-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/12/2015 10:25:28 AM
Accepted 5/12/2015 3:58:48 PM
ABEL ACOSTA
CLERK

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

**JEFFERY TYRONE WHITFIELD**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

---

Petition is in Cause No. CR-2013-04378-A from County
Criminal Court No. One of Denton County, Texas,
and Cause No. 07-14-00086-CR in the
Court of Appeals for the Seventh District of Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

---

FILED IN
COURT OF CRIMINAL APPEALS

May 12, 2015

ABEL ACOSTA, CLERK

Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorney for Petitioner
Jeffery Tyrone Whitfield

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

Trial Court Judge:               Hon. Jim Crouch

Petitioner:                    Jeffery Tyrone Whitfield

Petitioner's Trial Counsel:     Hon. Michael T. Kiesel
TBN: 11389500
Attorney at Law
421 E. Hickory, Ste. 102
Fort Worth, Texas 76201

Petitioner's Counsel
on Appeal:                 Hon. Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333

Appellee:                    The State of Texas

Appellee's Trial Counsel:      Hon.Caitlin Milmo
TBN: 24076562
Hon. Kathryn Lowe
TBN: 24077059
Denton Co. District Attorney's Office
1450 East McKinney St., Third Floor
Denton, Texas 76209

Appellee's Counsel
on Appeal:                 Hon.Charles E. Orbison
TBN: 24009335
Denton Co. District Attorney's Office
1450 East McKinney St., Third Floor
Denton, Texas 76209

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . .ii

TABLE OF CONTENTS. . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

INDEX OF AUTHORITIES. . .. . . . . . . . . . . . . . . . . . . . . . . . . .v

STATEMENT REGARDING ORAL ARGUMENT.. . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . .. . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY. . . .. . . . . . . . . . . . .1

GROUNDS FOR REVIEW. . . .. . . . . . . . . . . . . . . . . . . . . . . .2

REASONS FOR REVIEW. . . .. . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . .3

I.      The court of appeals erred when it affirmed the trial court's
        violation of Whitfield's right to confront witnesses against him
        by admitting over objection a "Statement of Fact" and 9-1-1
        recording at the motion to suppress hearing without requiring
        the statement's author to appear for cross examination. . . . . . 3

        A.      *Facts.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

        B.      *Opinion Below.* . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        C.      *Confrontation Clause Principles.* . . . . . . . . . . . . . . . . 7

        D.      *Does the Confrontation Clause Apply to Suppression
                Hearings.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

        E.      *The "Statement of Fact" and Recording were Testimonial.* .12

        F.      *Harm Analysis.* . . . . . . . . . . . . . . . . . . . . . . . . . .15

iii

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . .17

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

# INDEX OF AUTHORITIES

*Cases*                                                                    *page*

*Adams v. Williams*,
      407 U.S. 143, 32 L. Ed. 2d, 612, 92 S. Ct. 1921 (1972). . . . . . . . . . 6

*Brother v. State*,
      166 S.W. 3d 255 (Tex. Crim App. 2005). . . . . . . . . . . . . . . . . . . . .6

*Burch v. State*,
      401 S.W.3d 634 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . . .12, 13

*United States v. Clark*,
      475 F.2d 240 (2d Cir. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Claudio v. Scully*,
      982 F.2d 798 (2d Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . .10, 12

*Crawford v. Washington*,
      541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)8, 9, 12, 13, 14

*Curry v. State*,
      228 S.W.3d 292 (Tex. App.–Waco 2007, pet. ref'd). . . . . . . .11, 12

*Davis v. Washington*,
      547 U.S. 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). . . . 7, 14, 15

*Davis v. State*,
      203 S.W.3d 845 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . .15, 16

*De La Paz v. State*,
      273 S.W.3d 671 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . . .7, 8

*State v. Ehtesham*,
      309 S.E.2d 82 (W.Va. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Granville v. Graziano*,
      858 N.E.2d 879 (Ohio Misc. 2d, 2006). . . . . . . . . . . . . . . . . . . . .9

*Hanson v. Passer,*
　　13 F.3d 275 (8th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . .10, 12

*Henderson v. Frank,*
　　155 F.3d 159 (3d Cir.1998). . . . . . . . . . . . . . . . . . . . . . . . . . . .10, 12

*United States v. Hodge,*
　　19 F.3d 51 (D.C. Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . .9, 10, 12

*Langham v. State,*
　　305 S.W.3d 568 (Tex. Crim. App. 2010). . . . . . . . . . . . .6, 8, 13, 14

*McNac v. State,*
　　215 S.W.3d 420 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . . . .15

*Melendez–Diaz v. Massachusetts,*
　　557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009). . . . . . . . . 12

*In re M.P.,*
　　220 S.W.3d 99 (Tex. App.–Waco 2007, pet. denied). . . . . . . . . . .9

*Pipkin v. State,*
　　114 S.W. 3d 649 (Tex. App.–Fort Worth 2003, no pet.). . . . . . . . 6

*Pointer v. Texas,*
　　380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). . . . . . . . . . . . 7

*People v. Sammons,*
　　478 N.W.2d 901 (Mich. Ct. App. 1991). . . . . . . . . . . . . . . . . . . . . 9

*State v. Sigerson,*
　　282 So.2d 649 (Fla. 2d Dist. Ct. App. 1973). . . . . . . . . . . . . . .10, 12

*United States v. Stewart,*
　　93 F.3d 189 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*Stolte v. State,*
　　991 S. W. 2d 336 (Tex. App. –Fort Worth 1999, no pet.). . . . . . . 6

*Wall v. State*,
 184 S.W.3d 184 S.W.3d 730 (Tex. Crim. App. 2006). . . . . . . . . .15

*Whitfield v. State*,
 07-14-00086-CR, 2015 WL 1868864 (Tex. App.–
  Amarillo, April 9, 2015, no. pet. h.)
   (mem. op., not designated for publication).1-2, 6, 7

*Whorton v. Bockting*,
 549 U.S. 406, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007). . . . . . . . . . . 8

**Constitutions**

U.S. CONST. amend. VI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12

**Statutes**

TEX. PENAL CODE ANN. § 49.04 (West Supp. 2014). . . . . . . . . . . . . . . . . .1

**Court Rules**

TEX. R. APP. P. 44.2(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 15, 16

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

On June 17, 2013, Jeffery Tyrone Whitfield ("Mr. Whitfield" or "Petitioner") was charged by information and complaint with driving while intoxicated. (C.R. 5); *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2014). On January 21 & 22, 2014, a jury trial was held in County Criminal Court No. One of Denton County, the Honorable Jim Crouch, presiding. (II, III, & IV R.R. *passim*). The jury found Whitfield guilty as charged. ( IV R.R. 101). Punishment was to the trial court, which sentenced Whitfield to three hundred (300) days in jail probated for two years and a five hundred dollar fine. (C.R. 41). A timely Motion for New Trial was filed on January 24, 2014, which was overruled by the trial court on January 27, 2014. (C.R. 44). A Timely Notice of Appeal was filed on January 29, 2014. (C.R. 51).

## STATEMENT OF PROCEDURAL HISTORY

The opinion by the Second Court of Appeals affirming Ms. Storm's conviction was handed down on April 9, 2015. *See Whitfield v.*

1

*State*, 07-14-00086-CR, 2015 WL 1868864 (Tex. App.–Amarillo, April 9, 2015, no. pet. h.) (mem. op., not designated for publication). This timely Petition for Discretionary review ensued.

## GROUNDS FOR REVIEW

## GROUND FOR REVIEW ONE

I. **The court of appeals erred when it affirmed the trial court's violation of Whitfield's right to confront witnesses against him by admitting over objection a "Statement of Fact" and 9-1-1 recording at the motion to suppress hearing without requiring the statement's author to appear for cross examination.**

## REASONS FOR REVIEW

1. The decision by the Seventh Court of Appeals has decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals.

2. The Seventh Court of Appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

## ARGUMENT

## GROUND FOR REVIEW ONE (Restated)

I. **The court of appeals erred when it affirmed the trial court's violation of Whitfield's right to confront witnesses against him by admitting over objection a "Statement of Fact" and 9-1-1 recording at the motion to suppress hearing without requiring the statement's author to appear for cross examination.**

A. *Facts*

Early in the morning of April 28, 2013, Officer Jose Green ("Officer Green") of the City of Flower Mound Police Department was dispatched to a possible intoxicated driver. (II R.R. 10). Officer Green was informed by his dispatcher that a witness had called 9-1-1 to report that the driver of "a red Ford Focus [was] unable to maintain [his] lane, driving into oncoming traffic, and pretty much driving all over the road." (II R.R. 10). Through his onboard computer, Officer Green already had the phone number, address and photograph of the witness caller. (II R.R. 11). Officer Green located the reported vehicle, which was stopped at a gasoline pump in front of a RaceTrac gas station. (II R.R. 11-12). Before Officer Green could approach the Ford Focus, it pulled away from the gasoline pump as if to leave the gas station, whereupon Officer Green conducted a traffic stop of the Ford Focus. (II R.R. 17). Officer Green did not personally observe any violations of the

3

law on the part of the driver of the Ford Focus prior to conducting said traffic stop. (II R.R. 19). Officer Green admitted that his sole basis for conducting the traffic stop of the red Ford Focus was the report by the 9-1-1 caller of the driving behavior set forth above. (II R.R. 19). Officer Green made contact with the driver of the red Ford Focus, who was identified as Mr. Whitfield, Appellant herein. (II R.R. 18). Based on further investigation, Officer Green ultimately arrested Mr. Whitfield for suspicion of driving while intoxicated. (II R.R. 29).

Mr. Whitfield filed a motion to suppress all evidence gathered as a result of the detention by Officer Green. (C.R. 22). At the hearing on the motion to suppress, the trial court admitted over confrontation objection the written "Statement of Fact" executed by the witness 9-1-1 caller, (II R.R. 16; V R.R. St. Ex. 4), as well as a recording of the 9-1-1 call made by the witness. (II R.R. 12; V R.R. St. Ex. 1). The witness 9-1-1 caller did not appear to testify at the motion to suppress hearing. (II R.R. *passim*).

In the Order denying Mr. Whitfield's motion to suppress, the trial court entered Findings of Fact and Conclusions of Law. (C.R. 25-26). The trial court held in its Finding of Facts that:

1. On April 26, 2013, at 12:25 a.m., Flower Mound Police Department received a 911 call about a possible intoxicated driver.

2. The 911 caller described the vehicle with the possible intoxicated driver as a Red Ford Focus with license plate number BJB6512.

3. The 911 caller stated to the dispatcher that the driver of the Red Ford Focus was driving all over the road, crossing the lines of traffic back and forth, and that the vehicle went into oncoming traffic.

4. The 911 caller stayed on the telephone line with the dispatcher, following the possible intoxicated driver until police were on the scene.

5. The 911 caller followed the Ford Focus to a Race Track gas station at 1809 Justin Road at Pump 4. The 911 caller told dispatch that the driver was unable to control his vehicle, turning his blinker on and off, and turning his lights on and off.

6. The 911 caller gave his name, phone number, type of vehicle he was driving, his address, and the business he owned. The 911 caller stayed to speak with the officer.

7. All of the above information was relayed to Officer Jose Green of the Flower Mound Police Department. Officer Green was able to verify the information about the defendant's vehicle as he saw it at Pump 4 at the gas station.

8. As Officer Green approached the vehicle, the defendant began pulling away from the pump. Officer Green activated his lights and the vehicle stopped. Officer Green stopped the defendant for suspicion of driving while intoxicated.

9. Officer Green found the driving activity to be consistent with that of an intoxicated driver coupled with the time of day (Midnight on a weekend).

10. Officer Green found the 911 caller to be a reliable source as he was able to confirm the location of the vehicle, license plate number, and

5

make and model of the vehicle. The 911 caller's willingness to stay and talk with police also added to his reliability.

(C.R. 25).

The trial court held in its Conclusions of Law that:

1. The factual basis for stopping a vehicle need not arise from the officer's personal observation, but may be supplied by information acquired by another person *Adams v. Williams*, 407 U.S. 143, 147, 32 L. Ed. 2d, 612, 92 S. Ct. 1921 (1972).

2. A stop based on facts relayed to law enforcement by a citizen cell phone caller where sufficiently corroborated with a justified stop is enough to make a stop where there is erratic driving. *Pipkin v. State,* 114 S.W. 3d 649,654 (Tex. App.–Fort Worth 2003, no pet.).

3. The erratic driving and criminal behavior of driving into oncoming traffic together with the vehicle description and location provided corroboration for the officer to reasonably conclude information given to him was reliable and a temporary stop for driving while intoxicated was justified. *Pipkin, supra*; *Stolte v. State*, 991 S. W. 2d 336, 341 (Tex. App. –Fort Worth 1999, no pet.); *Brother v. State*, 166 S.W. 3d 255 (Tex. Crim App. 2005).

(C.R. 26).

### B. *Opinion Below*

In its Opinion, the Seventh Court of Appeals correctly identified

the de novo standard of review applicable to appellate complaints of

violations of confrontation rights. *See Whitfield*, 2015 WL 1868864 at *4

(citing *Langham v. State*, 305 S.W.3d 568, 576 (Tex. Crim. App. 2010)).

Further, the court of appeals did not answer the question of

6

whether the Confrontation Clause applies at a pretrial suppression hearing, yet it assumed for purposes of the opinion that it did. *Id*. at *5.

In regards to the 9-1-1 tape, the court of appeals simply held that it was not a "testimonial statement." *See Whitfield*, 2015 WL 1868864 at *7 (citing *Davis v. Washington*, 547 U.S. 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).

Regarding the "Statement of Fact," the court of appeals assumed for purposes of this appeal that it was testimonial, but that its admission was harmless. *See Whitfield*, 2015 WL 1868864 at *8-9 (citing Rule 44.2(a) of the Texas Rules of Appellate Procedure). *See* TEX. R. APP. P. 44.2(a).

C.    *Confrontation Clause Principles*

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right. . .to be confronted with the witnesses against him." U.S. CONST. amend. VI. This procedural guarantee applies to both federal and state prosecutions. *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 1067–68, 13 L.Ed.2d 923 (1965); *De La Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008). Consistent with the

Confrontation Clause guarantee, a testimonial hearsay statement may be admitted in evidence against a defendant "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 1373–74, 158 L.Ed.2d 177 (2004); *see De La Paz*, 273 S.W.3d at 680. "[T]he Crawford rule reflects the Framers' preferred mechanism (cross-examination) for ensuring that inaccurate out-of-court testimonial statements are not used to convict an accused." *Whorton v. Bockting*, 549 U.S. 406, 418, 127 S.Ct. 1173, 1182, 167 L.Ed.2d 1 (2007); *De La Paz*, 273 S.W.3d at 680. "Generally, speaking, a hearsay statement is 'testimonial' when the surrounding circumstances objectively indicate that the primary purpose of the interview or interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *De La Paz*, 273 S.W.3d at 680. Whether a statement is testimonial is a question of law. *Id.*; *see Langham*, 305 S.W.3d at 576.

**D.** *Does the Confrontation Clause Apply to Suppression Hearings?*[1]

In *Crawford v. Washington*, the Supreme Court of the United States essentially resuscitated the Confrontation Clause, and held that the admission of hearsay violates a defendant's Sixth Amendment right of confrontation unless the declarant is unavailable and the defendant has had a prior opportunity for cross-examination. *Crawford*, 541 U.S. at 68, 124 S.Ct. at 1374. Since *Crawford*, appellate courts have increasingly been called upon to determine how and when to apply the Confrontation Clause. *See In re M.P.*, 220 S.W.3d 99 (Tex. App.–Waco 2007, pet. denied). But, "[t]he text of the Sixth Amendment does not suggest any open-ended exceptions from the confrontation requirement to be developed by the courts." *Crawford*, 541 U.S. at 54, 124 S.Ct. at 1365. The right of confrontation has not been limited solely to that portion of a criminal proceeding that determines guilt or innocence. It has been applied to other portions of a criminal proceeding that can be classified as the trial. *See e.g., Granville v. Graziano*, 858 N.E.2d 879, 883 (Ohio Misc. 2d, 2006) (holding that Sixth

---

[1] The Texas Court of Criminal Appeals has not addressed whether the Sixth Amendment right of confrontation applies to suppression hearings.

Amendment Confrontation Clause rights apply to pretrial suppression hearing); *United States v. Hodge*, 19 F.3d 51, 53 (D.C. Cir. 1994) (reversing conviction where trial court limited defendant's right to fully confront and cross-examine government witnesses at pretrial suppression hearing); *People v. Sammons*, 478 N.W.2d 901, 907 (Mich. Ct. App. 1991) (applying confrontation rights to preliminary hearing on entrapment defense); *United States v. Clark*, 475 F.2d 240 (2d Cir. 1973) (reversing conviction due to violation of right of confrontation at pretrial hearing).

Other courts have also held that a suppression hearing is a critical stage of the prosecution. *See Henderson v. Frank*, 155 F.3d 159, 165 (3d Cir.1998); *Hanson v. Passer*, 13 F.3d 275, 278 (8th Cir. 1994); *Claudio v. Scully*, 982 F.2d 798, 802 (2d Cir. 1992). In *State v. Sigerson*, 282 So.2d 649 (Fla. 2d Dist. Ct. App. 1973), the court held that a hearing on a motion to suppress "is a critical stage of the prosecution and the confrontation clause of the Sixth Amendment to the U.S. Constitution guarantees an accused in a criminal case the right to confront the witnesses against him." *Id*. at 651. *See also* Wayne R. LaFave, Search and Seizure, (3rd Ed. 1996, West Pub. Co.) Sec. 11.2(d) (citing *United States v. Hodge*, 19 F.3d 51 (D.C. Cir. 1994) (suppression hearing is a critical

stage of the prosecution)); *State v. Ehtesham*, 309 S.E.2d 82 (W.Va. 1983) (suppression hearing should be a meaningful hearing, at which both the state and defendant should be afforded the opportunity to produce evidence and to examine and cross-examine witnesses; defendant's right denied where judge refused opportunity to cross-examine officer who obtained the search warrant).

In *Curry v. State*, 228 S.W.3d 292 (Tex. App.–Waco 2007, pet. ref'd), the Waco Court of Appeals observed that a suppression hearing is a critical phase of a criminal proceeding. *Id*. at 297. The *Curry* court further found that "[t]he aims and interests involved in a suppression hearing are just as pressing as those in the actual trial." *Id*. (citing *United States v. Stewart*, 93 F.3d 189, 193 n. 1 (5th Cir. 1996). Of particular relevance here, the *Curry* court further held that in many cases,

> the outcome of the suppression hearing often determines the outcome of the trial itself. To deny a defendant the protections afforded by the Confrontation Clause at this critical stage of the proceeding essentially denies him his only opportunity to ensure that the evidence presented against him is reliable.

*Curry*, 228 S.W.3d at 297.

The analysis and application used by the *Curry* court fits seamlessly here. The evidence used to convict Mr. Whitfield was

11

discovered as a result of a detention based solely on a reasonable suspicion ostensibly provided by the report from the witness 9-1-1 caller. That detention was specifically challenged at the suppression hearing. At that hearing, the trial court allowed the state to prove reasonable suspicion by presented a recording and a piece of paper (the witness's "Statement of Fact"). As a recording and a piece of paper cannot be cross-examined, Mr. Whitfield was not able to test the state's reasonable suspicion through the "crucible of cross-examination." *Crawford v. Washington*, 541 U.S. at 61, 124 S. Ct. at 1370. Mr. Whitfield was therefore denied the protections afforded by the Confrontation Clause at a critical stage of the prosecution. *Curry*, 228 S.W.3d at 297; *See also Henderson v. Frank*, 155 F.3d at 165; *Hanson v. Passer*, 13 F.3d at 278; *Claudio v. Scully*, 982 F.2d at 802; *Hodge*, 19 F.3d at 51; *Sigerson*, 282 So.2d at 649.

E.      *The "Statement of Fact" and Recording Were Testimonial*

Under the Confrontation Clause of the Sixth Amendment of the United States Constitution, "in all criminal prosecutions, the accused shall enjoy the right. . .to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Supreme Court has interpreted this right to mean that "testimonial" evidence is inadmissible against the

12

defendant unless the witness who made the testimonial statement either takes the stand to be cross-examined or is unavailable and the defendant had a prior opportunity to cross-examine him. *Crawford v. Washington*, 541 U.S. at 53–54, 124 S.Ct. 1354; *Burch v. State*, 401 S.W.3d 634, 636 (Tex. Crim. App. 2013); *see also Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 309, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009).

"While the exact contours of what is testimonial continue to be defined by the courts, such statements are formal and similar to trial testimony." *Burch*, 401 S.W.3d at 636. Testimonial statements include: (1) "ex parte in-court testimony or its functional equivalent," i.e., "pretrial statements that declarants would expect to be used prosecutorially"; (2) "extrajudicial statements contained in formalized testimonial materials," such as affidavits, depositions, or prior testimony; and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Langham*, 305 S.W.3d at 576; *see also Crawford*, 541 U.S. at 51–52.

Here, the witness 9-1-1 caller specifically averred in his "Statement of Fact" the following:

"I do hereby make the following information known to Officer

13

J. Green ID # 283 and prosecutors for whatever purpose it may serve. Further, I affirm that the facts contained within this statement are true and correct to the best of my knowledge."

(V R.R. St. Ex. 4). On its face, the "Statement of Fact" explicitly contemplates that the "declarant would expect it to be used prosecutorially." *Langham*, 305 S.W.3d at 576; *see also Crawford*, 541 U.S. at 51–52. The "Statement of Fact" is therefore testimonial and subject to the proscriptions afforded under the Sixth Amendment as enunciated in *Crawford*. *Langham*, 305 S.W.3d at 576; *see also Crawford*, 541 U.S. at 51–52.

The Supreme Court held in *Davis v. Washington*, 547 U.S. at 813, 126 S.Ct. 2266, that a 9-1-1 call to report an ongoing emergency was not testimonial in nature and are therefore admissible over an objection based on lack of confrontation, *see id.* at 828, 126 S.Ct. 2266. Rather, the call was primarily to enable police assistance to meet an ongoing emergency. *Id*. The *Davis* Court also held, however, that conversations which begin as calls for emergency assistance can evolve into police interrogations designed to gather testimonial statement once the emergency has ended. *Id*.

Here, a careful listening to State's Exhibit 1 reveals that the caller's specific descriptions of what can arguably be characterized as

14

evidence of suspect driving does not occur until the 1:06 mark; and then only in response to questioning by the dispatcher.[2] (V R.R. St. Ex. 1 at 1:06-18). Critically, this point is well after the reported suspect vehicle had ceased movement and parked at the RaceTrac gas station. (V R.R. St. Ex. 1 at :30). Just as the Supreme Court in Davis held that such statements should be excluded, so should they have been here. *Davis v. Washington*, 547 U.S. at 829, 126 S. Ct. at 2277.

### F.     *Harm Analysis*

*Crawford* error is constitutional error subject to a harm analysis under Rule 44.2(a) of the Texas Rules of Appellate Procedure. *McNac v. State*, 215 S.W.3d 420, 421 (Tex. Crim. App. 2007); *see also* Tex. R. App. P. 44.2(a). Mr. Whitfield's conviction must be reversed unless it can be found beyond a reasonable doubt that the error did not contribute to his conviction or punishment. *Wall v. State*, 184 S.W.3d 184 S.W.3d 730, 745-46 (Tex. Crim. App. 2006). The Court of Criminal Appeals has established four factors to be considered in analyzing harm from *Crawford* error: (1) the importance of the hearsay statements to the

---

2

 The dispatcher asked "what was he doing", to which the caller responded "he was all over the road, crossed the line back and forth, and actually pulled out in front of oncoming traffic." (V R.R. St. Ex. 1 at 1:06-18).

State's case; (2) whether the hearsay evidence was cumulative of other evidence; (3) the presence or absence of evidence corroborating or contradicting the hearsay testimony on material points; (4) the overall strength of the State's case. *Davis v. State*, 203 S.W.3d 845, 852 (Tex. Crim. App. 2006).

All of the evidence gathered to prosecute Mr. Whitfield was obtained as a result of the detention ostensibly based on the reasonable suspicion provided by the witness 9-1-1 caller. Without that evidence, the State would not have been able to prosecute Mr. Whitfield at all, as it would have absolutely no evidence whatsoever. Therefore, the objectionable evidence is vitally important to the State's case; has no other corroborating evidence; is not cumulative of other evidence; and constitutes the entirety of the State's case. *Id.* at 852. Thus, the evidence caused some harm to Mr. Whitfield and contributed to his conviction. Tex. R. Evid. 44.2(a); *Wall*, 184 S.W.3d 184 S.W.3d at 745-46.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered below, that

this Court reverse the opinion of the Second Court of Appeals.

Respectfully submitted,

/s/ Abe Factor
Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Jeffery Tyrone Whitfield

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 4,372.

/s/ Abe Factor
Abe Factor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Tarrant County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this 12th day of May, 2015.

/s/ Abe Factor
Abe Factor

## APPENDIX

1. Opinion of the Seventh Court of Appeals



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00086-CR

JEFFERY T. WHITFIELD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Criminal Court No. 1
Denton County, Texas
Trial Court No. CR-2013-04378-A; Honorable Jim Crouch, Presiding

April 9, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Jeffery T. Whitfield, was convicted of the offense of driving while intoxicated[1] and sentenced to 300 days in jail and a fine of $500.00, with the jail time suspended and appellant placed on community supervision for two years. Appellant has perfected his appeal and now presents a single issue for our consideration. Appellant contends that the trial court violated his right of confrontation[2] by admitting the

---

[1] *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014).

[2] *See* U.S. CONST. amend. VI.

911 recording and a "Statement of Fact" at a motion to suppress hearing. We will affirm.

## Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence to support the jury's verdict; therefore, we will only recite that portion of the factual background applicable to the issue before the Court.

Around midnight on April 27, 2013, Phillip Smithwick was driving toward his business when he encountered appellant driving a red Ford Focus. Appellant's car cut in front of Smithwick's car as Smithwick was headed toward his business on FM 407 in Flower Mound. Smithwick had to brake hard to avoid colliding with appellant's vehicle. As Smithwick followed appellant, he observed that appellant's vehicle seemed to have a difficult time maintaining its lane of traffic. Smithwick called 911 as he followed appellant's vehicle. He chronicled the driving difficulties that appellant seemed to be having. Eventually, Smithwick followed appellant to the RaceTrac gas station in Flower Mound. Shortly after the police arrived, Smithwick informed the 911 dispatcher that he needed to go to his place of business and lock it up for the night but he would return. Smithwick returned before appellant's arrest was completed and, after making contact with Officer Jose Green, executed a "Statement of Fact" that set forth his observations of appellant's driving on the evening in question.

Shortly after midnight on April 28, 2013, Officer Jose Green was dispatched to the RaceTrac gas station in Flower Mound, Texas, in reference to a 911 call regarding a possible intoxicated driver. Upon arriving at the RaceTrac gas station, Green observed

2

the previously described red Ford Focus as it was apparently beginning to pull away. Green stopped the vehicle before it left the gas station and made contact with appellant. According to Green's testimony, he did not see appellant drive and the sole basis for his initial stop was the 911 report. After conducting standardized field sobriety tests on appellant, Green arrested appellant for driving while intoxicated.

Appellant timely filed a motion to suppress the evidence that had been collected as a result of Green's initial detention of appellant. The trial court conducted a hearing on appellant's motion to suppress on June 17, 2013. At that hearing, Smithwick did not testify; rather, the trial court heard the 911 tape and the State offered Smithwick's "Statement of Fact." Appellant objected to both the 911 tape and the "Statement of Fact" on the basis that each exhibit was a denial of his right to confront the witness. The trial court overruled the objection and admitted the evidence. Ultimately, the trial court overruled the motion to suppress and the matter proceeded to trial.

The jury convicted appellant of driving while intoxicated and the trial court sentenced appellant to 300 days in jail and a fine of $500.00, with the jail time being suspended and appellant placed on community supervision for two years. This appeal followed.

Appellant's sole issue is that the trial court denied him his right to confront the witness against him when it admitted the 911 tape and the "Statement of Fact." We will affirm.

Standard of Review and Applicable Law

When reviewing a claim that the introduction of evidence violates an appellant's right of confrontation, we apply a *de novo* standard of review. *See Langham v. State*, 305 S.W.3d 568, 576 (Tex. Crim. App. 2010).

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. Accordingly, out-of-court statements offered against an accused that are testimonial in nature are objectionable unless the prosecution can show that the declarant is presently unavailable to testify in court and the accused had a prior opportunity to cross-examine the declarant. *See Crawford v. Washington,* 541 U.S. 36, 68, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). Whether a statement is testimonial in nature continues to be an evolving concept.

In *Wall v. State*, the Texas Court of Criminal Appeals set forth three kinds of out-of-court statements that could be regarded as testimonial:

(1) *ex parte* in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially;

(2) extrajudicial statements contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; and

(3) statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

4

*Wall v. State,* 184 S.W.3d 730, 734-35 (Tex. Crim. App. 2006). With respect to the third category, the United States Supreme Court has held that such a statement is testimonial if, when viewed objectively, it is shown that the statement was not made to enable the police to meet an ongoing emergency but that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution. *Davis v. Washington,* 547 U.S. 813, 822, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006).

## Analysis

In the case before the Court, both appellant and the State have expended a great deal of their respective briefing to convince the Court that the Confrontation Clause does or does not apply to a pre-trial suppression hearing. We recognize that this particular question is still subject to debate. However, we need not address the issue to dispose of this matter. We will assume, for purposes of this opinion only, that the protections of the Confrontation Clause apply to a pre-trial suppression hearing.

Before us we have two out-of-court statements for review. The parties admit and the record clearly shows that the declarant in both statements, Smithwick, did not testify at the suppression hearing. Instead, the trial court heard the recording of the 911 call and reviewed Smithwick's "Statement of Fact" in determining whether the police had reasonable suspicion to detain appellant. After reviewing the two out-of-court statements, the trial court denied the motion to suppress.

The State has invited the Court to conclude that, regardless of the nature of the two out-of-court statements, we should affirm the trial court's decision because

5

appellant litigated the issue again during the trial of the case. *See Black v. State,* 362 S.W.3d 626, 635-36 (Tex. Crim. App. 2012). While it is true that Smithwick testified during the trial on the merits, the factual pattern in *Black* is far different than that before the Court. We do not find *Black* controlling and, therefore, we will not accept the State's invitation to conclude that the matter was litigated a second time during the trial on the merits of the case.

We first turn our attention to the 911 call that was played for the trial court during the hearing on appellant's motion to suppress. A review of the 911 call reveals that it was initiated after appellant pulled his car out in front of Smithwick's car, which caused Smithwick to brake hard to avoid a collision. Upon contacting the 911 operator, Smithwick relayed that appellant was driving all over the road and apparently had trouble maintaining his vehicle in the proper lane of travel. Additionally, Smithwick reported to the operator that appellant seemed not to be able to properly operate the vehicle as appellant's windshield wipers and turn signals came on for no apparent reason. Smithwick was concerned enough for the safety of the public to follow appellant's vehicle into the RaceTrac gas station and stay there until the police arrived. Likewise, Smithwick stayed on the line to the 911 operator until the police arrived. While observing appellant at the RaceTrac gas station, Smithwick noted that appellant never exited his car or attempted to place fuel in it. Instead, appellant simply sat in the car and then started to leave the station. It was at this time that the police arrived and prevented appellant from leaving. In response to questions from the 911 operator, Smithwick detailed what he was observing and gave his name, address, and phone number and described the vehicle he was driving. Smithwick left the gas station to go

6

close his nearby business but returned immediately and spoke with the officers at the scene.

Our review of this record clearly demonstrates that the 911 call was initiated as a result of a perceived on-going emergency, the dangerous driving by appellant. Further, the record is clear that the emergency did not cease until the police arrived at the gas station and detained appellant. Accordingly, this 911 statement, when objectively considered, was not a testimonial statement. *See Davis,* 547 U.S. at 822; *see also Martinez v. State,* 236 S.W.3d 361, 371 (Tex. App.—Fort Worth 2007, pet. ref'd). Appellant's issue to the contrary is overruled.

In addition to the 911 call, the trial court admitted Smithwick's handwritten "Statement of Fact." The record reveals that the statement was prepared on a form provided by the police to Smithwick. The form provides places for Smithwick to give his name, driver's license number, home address, and home phone number. It then contains what is described as "boiler plate" language as follows:

> I do hereby make the following information known to Officer J. Green ID# 283 and prosecutors for whatever purpose it may serve. Further, I affirm that the facts contained within this statement are true and correct to the best of my knowledge.

Following the "boiler plate," Smithwick wrote out his observations of appellant driving and the actions that he took while observing these events. The information revealed in the "Statement of Fact" is the same information that Smithwick provided the 911 operator over the phone.

7

For purposes of this opinion, we will assume that the "Statement of Fact" is testimonial in nature. This, however, does not mean that the trial court's judgment should be reversed. We must apply the harm analysis provided for in Texas Rule of Appellate Procedure 44.2(a) in making that determination. *See* TEX. R. APP. P. 44.2(a). Under this analysis, we "must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." *Id.; Langham,* 305 S.W.3d at 582 n.42. In making this determination, we have been provided the following considerations:

(1)    The importance of the hearsay statement to the State's case;

(2)    Whether the hearsay evidence is cumulative of other evidence;

(3)    The presence or absence of evidence corroborating or contradicting the hearsay testimony on material points; and

(4)    The overall strength of the prosecution's case.

*Woodall v. State*, 336 S.W.3d 634, 639 n.6 (Tex. Crim. App. 2011) (quoting *Davis v. State*, 203 S.W.3d 845, 852 (Tex. Crim. App. 2006)).

When we apply the above factors to this case, the following becomes apparent. First, the statement in question is not of particular import to the State's case. This is so because it is cumulative of the 911 statement. Obviously, this answers the second inquiry also. Further, the 911 tape corroborates the statements in the "Statement of Fact." On the issue of reasonable suspicion to detain appellant, the purpose for which the statement at issue was admitted, the State's case was strong even without the "Statement of Fact." From an overall perspective, the Court has determined beyond a reasonable doubt that the admission of the "Statement of Fact" did not contribute to

8

appellant's conviction.  TEX. R. APP. P. 44.2(a).  Accordingly, the admission of the "Statement of Fact" was harmless.

## Conclusion

Having overruled appellant's issue about the 911 tape and finding that the admission of the "Statement of Fact" was harmless error, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Do not publish.